JESSON v GENERAL TELEPHONE COMPANY OF MICHIGAN

Docket No. 114257. Submitted January 9, 1990, at Grand Rapids.
   Decided February 21, 1990.

   Signe Jesson brought an action in the 60th District Court against
   her former employer, General Telephone Company of Michi-
   gan, alleging that the termination of her employment was in
   violation of the Handicappers' Civil Rights Act. Plaintiff alleged
   that the physical characteristic upon which termination was
   based, occasional blurred vision brought on by multiple sclero-
   sis, was unrelated to her ability to perform the duties of her job
   as an operator, which duties included reading information from
   the screen of a cathode-ray tube. The district court granted
   summary disposition in favor of defendant, ruling that there
   existed no genuine issue of material fact and defendant was
   entitled to judgment as a matter of law. The Muskegon Circuit
   Court, James M. Graves, Jr., J., affirmed on appeal. The Court
   of Appeals granted plaintiff leave to appeal.

   The Court of Appeals *held:*

   The motion for summary disposition should have been de-
   nied. Plaintiff presented sufficient evidence to establish that a
   genuine issue of material fact exists as to whether her vision
   problems were unrelated to her ability to perform her job.

   Reversed and remanded for trial.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATE-
   RIAL FACT — COURT RULES.

   A motion for summary disposition for lack of a genuine issue of
   material fact tests whether there is factual support for a claim;
   in reviewing such a motion, the trial court must consider the
   pleadings, affidavits, depositions, admissions and other docu-
   mentary evidence available to it; the party opposing the motion
   has the burden of showing that a genuine issue of disputed fact
   exists; giving the benefit of reasonable doubt to the nonmoving
   party, the trial court must determine whether the kind of

REFERENCES

Am Jur 2d, Job Discrimination § 124; Summary Judgment §§ 26,
   27, 32, 33.
Construction and effect of state legislation forbidding job discrimi-
   nation on account of physical handicap. 90 ALR3d 393.

record which might be developed will leave open an issue upon which reasonable minds might differ; the motion should be granted only if the trial court is satisfied that it is impossible for the nonmoving party's claim to be supported by evidence at trial (MCR 2.116[C][10]).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT.

An employer shall not discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position (MCL 37.1202[1][b]; MSA 3.550[202][1][b]).

*Timothy J. Bott Law Offices, P.C.* (by *Timothy J. Bott* and *Karen M. Spencer*), for plaintiff.

*David C. Lee,* for defendant.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

PER CURIAM. Plaintiff appeals by leave granted from a December 9, 1988, opinion and order of the Muskegon Circuit Court affirming the district court's decision granting defendant summary disposition pursuant to MCR 2.116(C)(10). Judgment in defendant's favor was based upon a finding that plaintiff's blurred vision was related to her ability to perform her job. Therefore, her claim was not covered by the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550 (101) *et seq.* We reverse.

Plaintiff began her employment with defendant in February, 1978. Plaintiff worked as an operator which required her to read information from the screen of a cathode-ray tube. In 1981, plaintiff began experiencing several minor health problems including blurred vision. In 1982, plaintiff was diagnosed as suffering from multiple sclerosis (MS). Plaintiff continued to work in her position from 1982 to 1985. While plaintiff missed some work

during this period due to the occurrence of MS symptoms, she also had many absences unrelated to the MS.

In September, 1985, plaintiff's MS recurred and she experienced further blurred vision. As a result, plaintiff missed two weeks of work. Shortly after plaintiff's return, defendant informed her that she had the following options: (1) taking a medical leave of absence without pay; (2) reclassification to work she was capable of performing; or (3) termination. Plaintiff chose termination and subsequently filed suit against defendant alleging discrimination in violation of the HCRA.

I

Plaintiff first argues that she presented documentary evidence establishing factual issues regarding whether her condition was unrelated to her ability to perform her job. Therefore, summary disposition was inappropriate. We agree.

Summary disposition was granted pursuant to MCR 2.116(C)(10). The party opposing a motion under this court rule has the burden of demonstrating that a genuine issue of disputed fact exists. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). The party may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 877 (1988). However, courts are liberal in finding the existence of factual issues. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988), lv den 430 Mich 885 (1988).

In reviewing such a motion, the court must

consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Dumas, supra,* p 626. The court must give the benefit of reasonable doubt to the nonmovant and determine whether a record could be developed which would leave open an issue upon which reasonable minds could differ. *Petaja v Guck,* 178 Mich App 577, 578; 444 NW2d 209 (1989). All inferences are to be drawn in favor of the nonmovant, and before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Id.,* pp 578-579.

The HCRA provides in pertinent part:

> An employer shall not:
>
> \*    \*    \*
>
> Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is *unrelated to the individual's ability to perform the duties of a particular job or position.* [MCL 37.1202(1)(b); MSA 3.550(202)(1)(b). Emphasis added.]

A disability related to an individual's ability to perform the duties of a job is not a handicap within the meaning of the HCRA. *Carr v General Motors Corp,* 425 Mich App 313, 321-322; 389 NW2d 686 (1986), reh den 426 Mich 1231 (1986).

In the instant case, deposition testimony from plaintiff's doctor indicated that plaintiff's vision problems were an underlying symptom of her MS and occur only sporadically. At many times, plaintiff had "functional" vision. The doctor indicated that based upon his last examination of plaintiff (September 1, 1987), her vision was within "normal limits" and it had been his experience that

use of the eyes would not aggravate or worsen MS-related vision problems. The doctor also stated that individuals with MS have periods where symptoms flare up (attacks) and periods where the symptoms dissipate. The doctor had experiences with some individuals who had only one attack and then experienced no other problems for the remainder of their lives. While the doctor could not state with specificity how long plaintiff's remission periods could last, the doctor testified that plaintiff had attacks in 1983 and in 1985, but was able to work and had good vision between these times.

In addition, it appears that plaintiff only missed a total of four weeks (two weeks in 1983 and two weeks in 1985) because of her MS and the related vision problems. In 1985, plaintiff's doctor released her to work without restrictions. We do not believe that the doctor's suggestion that plaintiff do clerical work emphatically meant that the doctor believed plaintiff could not continue performing the duties of her regular job.

The above facts indicate that plaintiff demonstrated that a genuine issue of fact exists regarding whether her vision problems were related to her ability to perform her job. *Dumas, supra.* However, we also find it necessary to note that in our opinion the decision by another panel of this Court in *Dauten v Muskegon Co,* 128 Mich App 435; 340 NW2d 117 (1983), is not applicable to plaintiff's case.

In *Dauten,* the plaintiff alleged that the defendant's refusal to hire her as a lifeguard because of a back condition violated the HCRA. This Court, affirming a judgment of no cause of action, in part held:

> Even if a lifeguard never has to attempt to save

a life, her ability to do so is still perhaps the most important factor to be considered in making a decision to hire. A physically determinable characteristic which may disable a lifeguard in a life-saving situation is a handicap that is related to the applicant's "ability to perform the duties of a particular job." [*Id.*, p 438.]

We do not believe that *Dauten* should stand for the general proposition that the *potential* of being unable to perform a job is sufficient to remove a claim from coverage under the HCRA. The case was limited to its unique facts in that the claimant sought a job which encompassed duties that affected public safety. The *Dauten* Court appeared to be extremely concerned with the fact that the plaintiff's back condition could and most likely would flare up in life-saving situations. *Id.*, pp 437-438.

In the instant case, plaintiff's job was not one involving the safety of the public. Plaintiff's condition did not represent a danger to herself or the public. Under these circumstances, we do not find the *Dauten* decision controlling.

The trial court erred in granting defendant summary disposition.

II

Plaintiff next contends that defendants had an obligation to accommodate plaintiff with an adaptive device to assist her in performing her duties. This issue was not addressed or decided by the lower courts. Therefore, we decline to undertake review. See *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987).

Reversed and remanded for trial.