DUNN v NUNDKUMAR

Docket No. 110325. Submitted March 14, 1990, at Lansing. Decided June 13, 1990.

Dennis Dunn, as personal representative of the estate of Brinda Dunn, deceased, brought a medical malpractice action in Genesee Circuit Court against C. Nundkumar, M.D., for failure to properly diagnose and treat, or to make a timely referral of treatment of the condition that caused the decedent's death. Following a jury trial the court, Valdemar L. Washington, J., entered a judgment of no cause of action. The plaintiff appealed.

The Court of Appeals *held:*

1. Given the defendant's testimony that he had limited his practice to obstetrics and gynecology, the trial court did not err in referring to defendant as a specialist in obstetrics and gynecology even though defendant was not board certified in obstetrics and gynecology at the time he attended the decedent.

2. The trial court did not abuse its discretion in ruling that Michael Blank, M.D., a board-certified general surgeon and family practitioner proffered by plaintiff, was unqualified to testify as an expert in defendant's field of obstetrics and gynecology on the question of the standard of care. Even if the trial court erred in so ruling, the error was harmless because the witness' testimony would have been cumulative, given the admission of the expert testimony of another witness offered by the plaintiff.

3. The trial court did not abuse its discretion in ruling that Dr. Blank's proffered expert testimony on the question of proximate causation was inadmissible. Even if the trial court erred in so ruling, the error was harmless in light of the admission of other expert testimony offered by the plaintiff on the issue of proximate causation.

Affirmed.

REFERENCES

Am Jur 2d, Expert and Opinion Evidence § 6; Physicians, Surgeons, and Other Healers §§ 353, 354.

Competency of general practitioner to testify as expert witness in action against specialist for medical malpractice. 31 ALR3d 1163.

1. Witnesses — Expert Witnesses — Qualification of Witness — Appeal.

In determining the admissibility of opinion testimony of a witness, the question whether the witness is qualified as an expert is left to the discretion of the trial court.

2. Witnesses — Expert Witnesses — Medical Malpractice — Qualification of Witness.

An expert witness in a medical malpractice action need not be a specialist in the defendant's field in order to testify regarding the appropriate standard of care; however, the witness must possess the necessary learning, knowledge, skill, or practical experience to permit testimony regarding that area of medicine.

*Gursten, Wigod, Koltonow & Falzon, P.C.* (by *John W. Whitman*), for the plaintiff.

*Peacock, Fordney, Cady, Ingleson & Prine, P.C.* (by *Andrew W. Prine*), for the defendant.

Before: Hood, P.J., and Maher and Cynar, JJ.

Per Curiam. Plaintiff Dennis Dunn appeals as of right from the judgment, entered on June 28, 1988, on a general jury verdict of no cause of action. In this medical malpractice action, plaintiff alleged that defendant Crumsen Nundkumar, M.D., had failed to properly diagnose and treat plaintiff's decedent's gallbladder problem or make a timely referral to an internist, surgeon or gastroenterologist. The decedent, Brinda Dunn, on September 3, 1983, a few weeks after giving birth by Caesarean section, died from acute hemorrhagic pancreatitis subsequent to cholecystitis (gallbladder inflammation) due to cholelithiasis (gallstones). On appeal, plaintiff maintains that the trial court erred in precluding the deposition testimony of one of plaintiff's expert witnesses, Michael Blank, M.D., a board certified general surgeon and family practitioner, on the basis of the court's considera-

tion of defendant as a specialist in obstetrics and gynecology. We affirm.

First, plaintiff argues that the trial court erroneously referred to defendant as a "specialist" in obstetrics and gynecology, as defendant did not receive board certification as an OB/GYN until December of 1983, three months after Brinda Dunn died. Plaintiff contends, therefore, that the court should have considered defendant to be a general practitioner, for whom Dr. Blank's deposition testimony on the standard of care would have been relevant. However, we find no authority, and plaintiff cites none, for the proposition that board certification is a necessary prerequisite for the court's designation of defendant as a specialist. A statement of position without supporting citation waives the issue on appeal. *Tringali v Lal,* 164 Mich App 299, 306; 416 NW2d 117 (1987), lv den 430 Mich 889 (1988). Plaintiff's reference by analogy to MCL 600.2169; MSA 27A.2169 (effective October 1, 1986), which provides more stringent standards for qualification of *expert witnesses* than previously required, does not cure this failing, particularly where this statute does not apply to actions, such as this one, filed before its effective date. *Kelley v Murray,* 176 Mich App 74; 438 NW2d 882 (1989). Moreover, our review of the record does not indicate that plaintiff ever argued this position before the trial court. Thus, the issue is not properly before this Court on that basis as well. *Muilenberg v The Upjohn Co,* 169 Mich App 636, 644; 426 NW2d 767 (1988), lv den 432 Mich 890 (1989). In any event, given defendant's testimony to the effect that he has at all times limited his practice to obstetrics and gynecology, we find no fault with the trial court's reference to defendant as a specialist.

Next, plaintiff argues that even if defendant is a

specialist, the trial court erred in not allowing the deposition testimony of Dr. Blank on the issues of standard of care and proximate causation.

Whether a witness is qualified as an expert is left to the discretion of the trial court. *Petrove v Grand Trunk W R Co,* 174 Mich App 705, 716; 436 NW2d 733 (1989). On the issue of standard of care according to the law applicable when this suit was filed, an expert witness need not be a "specialist" in defendant's field in order to testify to the appropriate standard of care. However, the witness must possess the necessary learning, knowledge, skill or practical experience to enable him to testify competently on that area of medicine. *Siirila v Barrios,* 398 Mich 576, 591; 248 NW2d 171 (1976); *Croda v Sarnacki,* 106 Mich App 51, 60; 307 NW2d 728 (1981), rev'd on other grounds 414 Mich 882 (1982). In this case, Dr. Blank's experience in obstetrics and gynecology appears to have been limited to receiving referrals from OB/GYNs, a basis found insufficient by our Court in *Dybata v Kistler,* 140 Mich App 65, 70; 362 NW2d 891 (1985), to overturn the lower court's refusal to qualify an expert witness to testify to the standard of care applicable to the defendant. Furthermore, we find Dr. Blank's proposed testimony to have been at best cumulative in light of the trial testimony of plaintiff's other expert, Dr. Hillabrand, a board-certified OB/GYN, who testified at length on the appropriate standard of care and his opinion as to defendant's breach thereof. Thus, we find that any error by the trial court in refusing to qualify and allow into evidence the deposition testimony of Dr. Blank concerning standard of care was at best harmless.

We also find harmless any error in the trial court's refusal to allow into evidence those por-

tions of Dr. Blank's deposition regarding proximate causation. The trial court did not refuse to qualify Dr. Blank on this issue, rather the court found that his testimony on this issue was too intertwined with his testimony on the standard of care and his opinion as to defendant's breach of that standard. The decision whether to admit evidence is within the sound discretion of the trial court. *Petrove, supra* at 715. Further, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *Petrove, supra.* In making its ruling, the trial court focused on the following passage from Dr. Blank's deposition testimony on direct examination:

> *Q.* Can you testify with a reasonable degree of medical certainty that the failures of Dr. Nundkumar, as you have listed them, ultimately resulted in this patient's death?
> *A. [Dr. Blank]* In my opinion, there is no doubt. The ultimate chain of events were that she wasn't diagnosed, and therefore, wasn't treated appropriately, and it caused her death.

We find no abuse of discretion with regard to the court's ruling on the above exchange.

However, in examining the entire deposition, we find that on redirect examination Dr. Blank responded to a question free of any inference on defendant's possible breach of the standard of care:

> *Q.* Can you testify with a reasonable degree of medical certainty if the plaintiff's [sic] demise could have been avoided in this case had a consult been requested earlier?
> *A. [Dr. Blank]* In my opinion, more than likely, it would have been avoided. In this day and age

it's very seldom that you die from complications of gallbladder disease and cholelithiasis-cholecystitis.

From our review of the trial court record, it is not clear whether plaintiff failed to bring the above deposition passage to the attention of the trial court, or whether its omission was an oversight of the court. However, we do note that, in his brief on appeal, plaintiff does not argue or even cite this particular passage. In any event, we find any error by the trial court in this regard to be harmless in light of the following testimony at trial by Dr. Hillabrand which went to the question of proximate causation:

> Q. Okay. Any other criticisms?
> A. [Dr. Hillabrand] And then the failure to investigate in the postpartum period when the mother was still having complaints, so she shouldn't have gone home with or without examination, but she should have had the examination with or without the fever. *Any of these things could have given the answer to this thing and avoided the complications later on.* [Emphasis added.]

While later during the trial, and outside the jury's presence, the trial court ruled that Dr. Hillabrand would not be permitted to testify further concerning proximate causation, defendant failed to make a timely objection to the above testimony and the trial court allowed it to remain in evidence. This may not be overwhelming evidence on proximate causation, but we find it sufficient for the jury to have reasonably found for the plaintiff on this issue. *Ghezzi v Holly,* 22 Mich App 157, 163-164; 177 NW2d 247 (1970). Considering that our review of the entire record indicates that

the issues most in dispute concerned the appropriate standard of care, and whether defendant breached that standard, we find no basis for reversal.

Affirmed.