JACKSON v CITY OF FLINT

Docket Nos. 121776, 125281. Submitted May 8, 1991, at Lansing. Decided September 4, 1991, at 9:00 A.M.

Naaman and Gloria Jackson brought an action in the Genesee Circuit Court against the City of Flint, alleging that the defendant, as Naaman Jackson's employer, violated the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, by refusing to allow him to return to work because of lymphedema in the left arm following the surgical removal of a tumor and surrounding lymph nodes in the left elbow. A jury returned a verdict in favor of the plaintiffs and awarded damages. The court, Earl E. Borradaile, J., awarded attorney fees and costs to the plaintiffs and subsequently denied the defendant's motion for judgment notwithstanding the verdict or new trial. The defendant filed separate appeals from the judgment and from the award of attorney fees and costs. The appeals were consolidated.

The Court of Appeals *held:*

1. The failure of Naaman Jackson to exhaust the remedies available under a collective bargaining agreement did not preclude the plaintiffs from bringing their action. The Handicappers' Civil Rights Act, which grants circuit courts and the Civil Rights Commission concurrent jurisdiction over claims, does not require a claimant to exhaust remedies available through the Department of Civil Rights before bringing an action in circuit court. Just as a claimant need not exhaust administrative remedies, a claimant need not exhaust remedies available under a collective bargaining agreement.

2. The plaintiffs proved that Naaman Jackson suffered a handicap for which he could claim the protection of the Handicappers' Civil Rights Act by establishing that the lymphedema was a determinable physical characteristic that resulted from a disease and that it was unrelated to his ability to perform the duties of his job.

3. The trial court did not err in refusing the defendant's

REFERENCES

Am Jur 2d, Job Discrimination §§ 1745, 2316.
See the Index to Annotations under Collective Bargaining; Disabled Persons; Discrimination.

requested instruction regarding the burden of proof. The instruction given adequately informed the jury about the burden of proof.

4. The trial court did not abuse its discretion in ruling that evidence indicating that Naaman Jackson had filed a workers' compensation claim regarding his cancerous elbow was irrelevant and inadmissible.

Affirmed.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT
    DISCRIMINATION — EXHAUSTION OF REMEDIES UNDER COLLEC-
    TIVE BARGAINING AGREEMENTS.

    A person may bring an action in circuit court pursuant to the
    Handicappers' Civil Rights Act for unlawful employment dis-
    crimination without exhausting remedies available under a
    collective bargaining agreement (MCL 37.1606; MSA
    3.550[606]).

*O'Connell, Roeser & Brennan* (by *Patrick J. Brennan*), for the plaintiffs.

*Timothy G. Bograkos,* City Attorney, and *A. Lee Kirk,* Assistant City Attorney, for the defendant.

Before: SHEPHERD, P.J., and WAHLS and R. B. BURNS,* JJ.

PER CURIAM. This action was brought pursuant to the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* A Genesee Circuit Court jury returned a verdict in favor of plaintiff Naaman Jackson (plaintiff) in the amount of $115,000, and in favor of plaintiff's wife, Gloria Jackson, in the amount of $10,000. In Docket No. 121776, defendant City of Flint appeals from the entry of this judgment. In Docket No. 125281, defendant appeals from the trial court's award of attorney fees and costs. We affirm.

Defendant claims that it was entitled to judg-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ment notwithstanding the verdict because plaintiff failed to exhaust his administrative remedies under the collective bargaining agreement, i.e., failed to request another return-to-work physical conducted by an independent third doctor before filing suit. This claim was unsuccessfully advanced in defendant's pretrial motion for summary disposition.

Under the HCRA, an individual aggrieved by an employer's violation of the act may file a complaint with the Department of Civil Rights to be heard before the Civil Rights Commission. MCL 37.1605; MSA 3.550(605). The aggrieved individual may also bring a civil action in circuit court for injunctive relief, damages, or both. MCL 37.1606; MSA 3.550(606). Further, "this act shall not diminish the right of a person to seek direct and immediate legal or equitable remedies in the courts of this state." MCL 37.1607; MSA 3.550(607).

The Legislature, by enacting the HCRA, intended to mandate the employment of the handicapped to the fullest extent reasonably possible. MCL 37.1607; MSA 3.550(607) should be liberally construed to this end. *Crittenden v Chrysler Corp,* 178 Mich App 324, 331; 443 NW2d 412 (1989).

In *Marsh v Dep't of Civil Service,* 142 Mich App 557; 370 NW2d 613 (1985), a panel of this Court examined the above-cited sections of the HCRA and concluded: (1) that exhaustion of administrative remedies with the Department of Civil Rights was unnecessary before bringing suit in circuit court; (2) that the HCRA provided direct access to the circuit court; (3) that the Civil Rights Commission and the circuit court held concurrent jurisdiction over civil rights claims; and (4) that the aggrieved party could proceed simultaneously in both forums. See also *Constantinoff v Emma L Bixby Hosp,* 111 Mich App 575, 576-577; 314 NW2d 698

(1981); *DeMara v Governor,* 183 Mich App 87, 90; 454 NW2d 401 (1990).

We extend that reasoning and hold that, just as plaintiff need not exhaust his remedies before the Civil Rights Commission, he need not exhaust his remedies under the collective bargaining agreement. A requirement that plaintiff first exhaust his remedies under the collective bargaining agreement unnecessarily infringes on his statutory right and the strong policy favoring direct and immediate access to the circuit court. MCL 37.1606; MSA 3.550(606).

Defendant claims that plaintiff failed to establish that he suffered a handicap within the meaning of the HCRA. Defendant also unsuccessfully advanced this claim in its pretrial motion for summary disposition. As did the trial court, we find defendant's claim to be without merit. The evidence adduced at trial clearly established that the lymphedema was a determinable physical characteristic that resulted from a disease.[1] On the basis of the testimony of plaintiff's physicians and that of two of plaintiff's supervisors who testified that plaintiff had no difficulty handling the tasks required of him without assistance, we find that the evidence established that plaintiff's handicap was unrelated to his ability to perform the duties of his job. MCL 37.1103(b)(i); MSA 3.550(103)(b)(i); *Carr v General Motors Corp,* 425 Mich 313; 389 NW2d 686 (1986); *Jesson v General Telephone Co of Michigan,* 182 Mich App 430, 433; 452 NW2d 836 (1990).

Defendant argues that the trial court incorrectly instructed the jury with regard to plaintiff's burden of proof, i.e., refused to give a requested nonstandard jury instruction. We disagree, finding

---

[1] MCL 37.1103(b); MSA 3.550(103)(b).

that no abuse of discretion occurred because the instruction given adequately informed the jury of the burden of proof. *Beadle v Allis,* 165 Mich App 516, 526-527; 418 NW2d 906 (1987). See, e.g., *Wilson v General Motors Corp,* 183 Mich App 21, 34; 454 NW2d 405 (1990).

Defendant claims that the trial court abused its discretion in excluding evidence that plaintiff believed his cancer was caused by an employment-related injury.

Before trial, plaintiff moved to exclude evidence that he filed a workers' compensation claim concerning an injury to his left elbow. The trial court took the motion under advisement until it could hear plaintiff's testimony. On the second day of trial, defense counsel questioned plaintiff regarding whether he believed a fall caused his cancer and whether he blamed defendant for his cancer. Plaintiff admitted that at one time he believed the fall caused the cancer, but that after doing some reading he no longer held that belief. Plaintiff further testified that he did not blame defendant for his cancer. Thereafter, defendant attempted to use evidence of plaintiff's workers' compensation claim to "refresh" plaintiff's memory. Plaintiff's counsel objected, and the trial court, without the jury present, upheld the objection on relevancy grounds.

We find that no abuse of discretion occurred in excluding evidence of the 1981 workers' compensation claim. Evidence of the existence of the claim would not have thrown light on any material point. *People v Kozlow,* 38 Mich App 517, 524-525; 196 NW2d 792 (1972).

The remainder of defendant's claims on appeal were not preserved because: (1) they were raised only in defendant's motion for judgment notwithstanding the verdict or new trial, the merits of

which were never reached by the trial court, *Providence Hosp v Nat'l Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987); *Joy Management Co v Detroit,* 183 Mich App 334, 341; 455 NW2d 55 (1990); (2) defendant failed to cite authority to support its position, *Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120, 129-130; 463 NW2d 442 (1990); (3) defendant failed to provide a pertinent transcript in Docket No. 125281 (award of attorney fees and costs), *Fetz Engineering v Ecco Systems, Inc,* 188 Mich App 362, 376; 471 NW2d 85 (1991); or (4) there is no record evidence that the trial court denied defendant's requested instruction or that defendant objected to such a denial, *Dunn v Nundkumar,* 186 Mich App 51, 53; 463 NW2d 435 (1990); *People v Furman,* 158 Mich App 302, 329-330; 404 NW2d 246 (1987). We therefore decline to review these issues.

Affirmed.