951 F.2d 350
 2 NDLR P 275
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Esther SMITH, Plaintiff-Appellant,
v.
DUNN BINDERY, INCORPORATED, Defendant-Appellee.
 No. 91-1094.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and ALLEN, Senior District Judge*.
 PER CURIAM.
 
 
 1
 On January 4, 1990, Plaintiff-Appellant, Esther Smith, filed suit in Michigan state court against her Union and against defendant-appellee Dunn Bindery, Incorporated (the Company), her employer of twenty-six years. She claimed the Company had violated Michigan law by failing to accommodate her needs as a handicapped person. MCLA 37.2101, et seq. The disability she claimed was the need to frequently use the rest room because of required hypertension medication. This characteristic required that another employee relieve her at her duty station for an additional three rest room breaks each day. The parties agreed that she was able to perform the duties of her job except during these breaks.
 
 
 2
 The defendants removed the state court action to the Eastern District of Michigan asserting that there was a federal question because of 29 U.S.C. § 185 of the Labor Management Relations Act. Smith did not seek remand, and after discovery was taken both defendants moved for summary judgment. Smith responded to the Union's motion by agreeing to withdraw her claims against it. After holding a hearing on the motions for summary judgment, the district court dismissed the claim against the Union and granted summary judgment in favor of the Company on the merits of the state law claim.
 
 
 3
 Smith's first assertion is that the trial court should have remanded her state claims when the federal claims were dismissed. She relies on United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and its progeny. In Gibbs, the Supreme Court noted that pendent jurisdiction is not a doctrine of right but of discretion:
 
 
 4
 [The] justification [for pendent jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.
 
 
 5
 383 U.S. at 726, footnotes and citations omitted.
 
 
 6
 In applying United Mine Workers v. Gibbs this Court has observed as follows:
 
 
 7
 Through a series of cases following United Mine Workers, this circuit has adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial. See Service, Hospital, Nursing Home and Public Employees Union v. Commercial Property Services, 755 F.2d 499, 506, n. 9 (6th Cir.1985) ("this circuit has moved away from the position that the court has discretion to retain jurisdiction over a pendent state claim where the federal claim has been dismissed before trial."). However, in certain cases, the overwhelming interests in judicial economy may still allow a district court to properly exercise its discretion and decide a pendent state law claim once the federal claim is dismissed before trial.
 
 
 8
 Province v. Cleveland Press Publishing Company, 787 F.2d 1047, 1055 (6th Cir.1986)
 
 
 9
 It is apparent from United Mine Workers and Province that the district court would have acted well within its discretion had it dismissed the state claims and allowed them to be decided by a state court. Notwithstanding that fact, in the present action overwhelming interests in judicial economy existed as a result of the procedural posture of the case and the fact that the parties had completed their discovery in federal court. These circumstances justified the district court in exercising its jurisdiction to decide the pendent state claim.
 
 
 10
 Turning to the merits of the state law issue, we note that the applicable Michigan Handicappers' Civil Rights Act prohibits an employer from discharging an employee "because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position" or "when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job." MCLA 37.1202(1)(b) and 37.1202(1)(g). MCLA 37.1103(e)(i)(A) defines "handicap" for employment purposes as a characteristic that "substantially limits one or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position."
 
 
 11
 The leading case in Michigan construing the statutes in effect at the time of the appellant's discharge is Carr v. General Motors Corporation, 425 Mich. 313, 389 N.W.2d 686 (1986). The court held that a person does not come within the statutory definition of a "handicapper" if the handicap impairs the person's ability to perform the job. In the case at bar, it is clear that the condition from which the appellant suffers directly interferes with her capacity to perform her job. It results in her not being able to devote to the job all of the time which the job requires. As a result, other employees would have to make up the deficit in the performance of her job.
 
 
 12
 The appellant relies upon the case of Jesson v. General Telephone Company, 182 Mich.App. 430 (1990) in which the Michigan court held that an employee who had a medical condition that created problems "sporadically" and resulted in her missing work for two weeks in 1983 and two weeks in 1985 was entitled to go to the jury on the issue of whether her physical condition was related to her ability to do the job.
 
 
 13
 Jesson's physician had cleared her to work without restrictions and her physical problems arose infrequently. In the instant case appellant's problems caused her to disrupt the work schedule on a daily basis and she was never cleared by her doctor for work without restrictions. Jesson is clearly distinguishable from Carr in that Jesson presented a factual question as to whether the condition from which she suffered was related to her performance of the job. In our case, "accommodation" of the handicap would require the employer to provide another employee to perform some parts of Smith's duties on a daily basis. Thus, there is no issue of fact: the condition impairs her ability to perform her job.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles M. Allen, United States District Court for the Western District of Kentucky, sitting by designation