SILER, Circuit Judge.
Johnell Allen appeals the district court’s denial of his 28 U.S.C. § 2254 habeas petition. For the following reasons, we AFFIRM.
BACKGROUND
Sharon Hunter and her boyfriend John McMullen began arguing at Hunter’s apartment in the presence of Hunter’s friend, Wendy Shepherd, and the two infant children Hunter shared with Allen, her ex-boyfriend. After watching McMul *433 len push Hunter down, Shepherd fled the apartment. She encountered Allen and Douglas Hodo and told both what happened. Allen obtained a shotgun and went to Hunter’s apartment where he shot and killed McMullen after finding him in an upstairs bedroom closet.
At Allen’s trial, the Michigan state court excluded two references to Allen’s knowledge of McMullen’s violent behavior before the day of the shooting. Hunter and Allen both testified that she told him McMullen physically abused her many times in the past. The prosecution objected to both references as hearsay, and the trial court excluded the testimony despite Allen’s argument that his knowledge of McMullen’s past violence demonstrated his state of mind at the 'time he shot McMullen. In response, Allen proffered that Hunter told him McMullen had previously threatened to kill her and the children. With this in mind, Allen testified that he brought the shotgun to Hunter’s apartment for protection and shot McMullen accidentally. The dissent suggests that Allen’s testimony shows that he was concerned for his children’s safety. However, as the district court observed, Allen testified that he took the gun into the house because he was “scared that something had happened bad.” He did shout at others that McMullen “was messing with the kids,” but he never testified that was the reason why he took the shotgun into the residence.
Even defense counsel did not emphasize in his closing argument that Allen brought the shotgun to the apartment because of some danger to the children even though Shepherd had told Allen that McMullen “was messing with the kids.” Instead, defense counsel said that when Allen tried to call the residence, “It was then that he got the feeling that something bad had happened .... knowing that his children were in that apartment, having heard that Wendy Shepherd indicated she was afraid that the decedent was going to beat up Sharon?” Counsel went on to argue that Allen “took the gun with him in the event he concluded probably something terrible has happened is justified. Either to protect himself from the man he had been told was a violent person or just to frighten that person out of that residence.” Thus, there was no argument that Allen brought his weapon to the house to protect the children. There was only one remark that the children were there, but counsel did not emphasize that was the reason why Allen had the shotgun. His theory in the case was that he brought the weapon to protect himself from McMullen or to frighten McMullen out of the house.
Allen was convicted of second degree murder and possession of a firearm in the commission of a felony. The Michigan Court of Appeals affirmed his conviction, see People v. Allen, No. 186139 (Mich.Ct.App. June 2, 1993), and he failed to timely appeal to the Michigan Supreme Court. Allen successfully obtained Michigan post-conviction relief, but the Michigan Court of Appeals eventually reversed the trial court’s grant of relief, holding Allen procedurally defaulted his claims under Michigan Court Rule 6.508(D)(3), see People v. Allen, No. 249788, 2005 WL 1106498 (Mich.Ct.App. May 10, 2005), and the Michigan Supreme Court affirmed in People v. Allen, 474 Mich. 936, 706 N.W.2d 15 (Mich.2005). Allen unsuccessfully petitioned a federal district court for habeas relief under 28 U.S.C. § 2254, see Allen v. Howes, 599 F.Supp.2d 857 (E.D.Mich. 2009), and now appeals.
DISCUSSION
We review the district court’s legal conclusions de novo and its factual findings under a clearly erroneous standard. Cvijetinovic v. Eberlin, 617 F.3d 833, 836 (6th *434 Cir.2010) (citation and quotation marks omitted). The government argues Allen procedurally defaulted his habeas claims by failing to raise them on direct appeal. We assume, without deciding, that his claims are not defaulted and address their merits. Because the Michigan courts denied Allen post-conviction relief on procedural grounds, we review the merits of Allen’s claims de novo. Nields v. Bradshaw, 482 F.3d 442, 449-50 (6th Cir.2007).[1]
In his first claim for habeas relief, Allen argues he was denied the right to present a defense by the trial court’s erroneous exclusion of evidence of McMullen’s past violence. Due process guarantees a criminal defendant the meaningful opportunity to present a complete defense, “including the right to present relevant evidence.” Varner v. Stovall, 500 F.3d 491, 499 (6th Cir.2007) (internal citation and quotation marks omitted). A trial court’s mere exclusion of relevant evidence only violates this guarantee “where it has infringed upon a weighty interest of the accused,” United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), like the interest in “offering the accused’s own testimony” and in “using the only available means of addressing a relevant issue,” Ferensic v. Birkett, 501 F.3d 469, 478-79 (6th Cir.2007) (internal citation omitted). These interests are only infringed where the exclusion of evidence “significantly undermine[s] fundamental elements of the defendant’s defense.” Scheffer, 523 U.S. at 315, 118 S.Ct. 1261.
Allen argues that the weighty interest infringed by the trial court’s exclusion of evidence was his ability to prove his state of mind at the time of the murder—specifically, his interest in showing that he carried a shotgun to Hunter’s apartment, not because he intended to murder McMullen, but because he feared for his safety. Even assuming such exclusion was erroneous, because Allen established his knowledge of both McMullen’s past and present violence—evidence only minimally probative to his defense—the trial court’s rulings did not deprive him of the “right to present a defense.”
Allen demonstrated at trial that he knew McMullen had been violent on the day of the shooting. Shepherd saw McMullen assault Hunter and she, Hodo and Allen all testified that she told Allen what she saw. Despite the trial court’s rulings, Allen also demonstrated that he knew McMullen was violent. Hodo testified he told Allen that McMullen had beaten Hunter several times in the past. Hunter also said “yes” when the prosecution asked her whether she “testified on cross examination that [she] had told Johnell Allen in the past that [she] had been physically assaulted by John McMullen.” While Allen argues that the jury never heard the most impactful evidence—McMullen’s death threats toward Hunter and his children—where a trial court’s exclusion of evidence does not bar a defendant “from introducing other evidence to support [his particular] defense,” the right to present a defense is not violated. Wynne v. Renico, 606 F.3d 867, 871 (6th Cir.2010) (internal citation omitted).
*435 Nonetheless, McMullen’s death threats were not especially probative of Allen’s defense. Allen did not assert self-defense or the defense of others as an explanation for shooting McMullen. Instead, he argues he shot McMullen accidentally. That Allen knew McMullen had threatened to kill his ex-girlfriend does little to show his shooting McMullen was accidental. Such evidence could just as easily support the theory, evidently adopted by the jury, that Allen brought a loaded shotgun to Hunter’s apartment out of anger over McMullen’s treatment of his ex-girlfriend and children. As a result, because the trial court’s exclusion of some evidence showing Allen knew of McMullen’s past violence did not significantly undermine his defense of accident, Allen’s right to present a defense was not violated.
In his second claim for habeas relief, Allen argues he received ineffective assistance of appellate counsel because his counsel failed to raise his “right to present a defense” claim on direct appeal of his conviction. Appellate counsel cannot be ineffective “for a failure to raise an issue that lacks merit.” Willis v. Smith, 351 F.3d 741, 745 (6th Cir.2003) (quoting Greer v. Mitchell, 264 F.3d 663, 674 (6th Cir.2001)). Because Allen’s “right to present a defense” claim is indeed without merit, so too is his ineffective assistance of appellate counsel claim.
To the extent Allen rests this claim on his counsel’s failure to argue on direct appeal that the trial court’s exclusion of this “state of mind” evidence violated Michigan evidentiary law, it is similarly unavailing. Even assuming it was objectively unreasonable not to raise the trial court’s supposed violation of state law as an issue, Allen cannot show a reasonable probability that, but for his counsel’s error, he would have prevailed on his appeal. Smith v. Robbins, 528 U.S. at 285-86, 120 S.Ct. 746. Under Michigan law at the time of his direct appeal, an evidentiary error does not provide grounds to disturb a jury’s verdict when it is clear that the error did not prejudice the defendant. Michigan v. Lee, 434 Mich. 59, 450 N.W.2d 883, 895 (1990) (citing Michigan Court Rule 2.613(A)). We find, as did the district court and Michigan Court of Appeals, that the excluded evidence was cumulative and that the trial court’s exclusion of it clearly did not prejudice Allen at trial. See Dunn v. Nundkumar, 186 Mich.App. 51, 463 N.W.2d 435, 437 (1990) (under Lee, erroneous exclusion of evidence was harmless where evidence was cumulative). Thus, because this excluded evidence would have given the Michigan Court of Appeals no reason to reverse his conviction, Allen does not demonstrate the prejudice needed to establish he received ineffective assistance of appellate counsel.
AFFIRMED.

. The dissent suggests that perhaps the Michigan Court of Appeals adjudicated his ineffectiveness claim on the merits. If so, then that court has already held that the evidence was cumulative and the failure to admit the evidence hy the trial court did not result in prejudice to Allen. Admittedly, the dissent states that the Michigan court used the wrong criteria, following People v. Reed, 449 Mich. 375, 535 N.W.2d 496 (1995), rather than the authority from Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). However, if the evidence was cumulative, it is difficult to see how there could be a reasonable probability that Allen could have prevailed on his appeal. Id.