OBERLE v HAWTHORNE METAL PRODUCTS COMPANY

Docket No. 118694. Submitted July 15, 1991, at Detroit. Decided
    December 17, 1991, at 9:15 A.M. Leave to appeal sought.

    Irwin Oberle brought an action in the Oakland Circuit Court
        against Hawthorne Metal Products Company, seeking damages
        for injuries suffered when he fell into a pit at a Hawthorne
        plant while he was participating in the installation of a press
        in the pit. Oberle sought recovery on the bases that Hawthorne
        was negligent and that the installation of the press was an
        inherently dangerous activity. Hawthorne filed a third-party
        action against Commercial Contracting Corporation, Oberle's
        employer, which had contracted to install the press, alleging
        common-law, implied contractual, and contractual indemnity.
        The trial court, Jessica R. Cooper, J., granted summary disposi-
        tion for Hawthorne with respect to Oberle's negligence claim.
        The matter proceeded to trial on the claim based on the
        inherently dangerous activity doctrine. The jury returned a
        verdict in favor of Oberle with regard to that claim and a
        verdict in favor of Hawthorne and against Commercial, finding
        that Hawthorne was entitled to common-law and implied con-
        tractual indemnity. Commercial appealed, and Hawthorne cross
        appealed.

        The Court of Appeals held:

        1. The evidence presented by Oberle was sufficient to create a
        question of fact for the jury concerning whether the installa-
        tion of the press was an inherently dangerous activity that
        would leave Hawthorne liable to those who undertook the
        installation.

        2. The trial court erred in submitting Hawthorne's claims of
        common-law and implied contractual indemnity to the jury.
        Common-law and implied contractual indemnity are not avail-
        able where the primary complaint alleges active, rather than
        passive, liability. Liability pursuant to the inherently danger-

REFERENCES
Am Jur 2d, Building and Construction Constructs §§ 141, 142;
    Indemnity §§ 19-22, 24.
See the Index to Annotations under Building and Construction
    Contracts; Indemnity; Independent Contractors.

ous activity doctrine is a claim of active negligence. Accordingly, the jury verdict finding common-law and implied contractual indemnity must be vacated.

3. Because the language of the contract between Hawthorne and Commercial was not ambiguous or unclear, the determination whether the language provides for indemnity under these circumstances was for the court and not the jury. On remand, the court must determine whether contractual indemnity exists.

Affirmed in part, reversed in part, and remanded.

INDEMNITY — INHERENTLY DANGEROUS ACTIVITY — ACTIVE NEGLIGENCE — IMPLIED CONTRACTUAL INDEMNITY — COMMON-LAW INDEMNITY.

   A claim alleging liability arising out of the application of the inherently dangerous activity doctrine states a claim of active negligence, which precludes indemnity on the basis of implied contractual and common-law indemnity.

*Milan, Miller, Berger, Brody & Miller, P.C.* (by *Allen S. Miller*), for the plaintiff.

*Vandeveer Garzia* (by *James K. Thome* and *Robert D. Brignall*), for Hawthorne Metal Products Company.

*Law Offices of Natinsky & Jaffa* (by *Jonathan M. Jaffa*), for Commercial Contracting Corporation.

Before: DOCTOROFF, P.J., and MCDONALD and BRENNAN, JJ.

PER CURIAM. Third-party defendant, Commercial Contracting Corporation, appeals as of right from a December 20, 1988, judgment entered on a jury verdict finding Commercial owed defendant and third-party plaintiff, Hawthorne Metal Products Company, indemnification for the damages awarded to plaintiff, Irwin Oberle, on his negligence claim against Hawthorne. Hawthorne cross appeals from the same judgment. We affirm in

part, reverse in part, and remand for further proceedings.

On October 7, 1988, following a jury trial in this matter, the jury returned a verdict against Hawthorne Metal Products Company on plaintiff's claim that he had been injured as a result of his participation, as an employee of Commercial Contracting Corporation, in installing a press in Hawthorne's manufacturing plant. It was plaintiff's contention that this work was inherently dangerous. The jury found Hawthorne liable to plaintiff on that basis and returned a verdict of $500,000 in damages, reduced by sixty percent for comparative fault the jury found attributable to plaintiff. Further, the jury found Hawthorne was entitled to common-law indemnity and implied contractual indemnity from third-party defendant Commercial.

In 1984, Hawthorne, a stamping company in the business of manufacturing automobile parts, decided to install a press in its manufacturing plant. Thereafter, Hawthorne contracted with Fiorvento Construction Company to dig and construct a press pit. The construction blueprints for the press pit were prepared by Hawthorne. Although the concrete pit was to be approximately 13 feet deep, 25 feet long, and 20 feet wide, the blueprints did not provide for guards or barriers around the pit.

After the press pit was constructed, Hawthorne contracted with Commercial to erect a press inside the pit. There were no guardrails or barriers around the pit when the Commercial crew arrived to erect the press, and none were installed by the crew before beginning construction.

On August 24, 1984, plaintiff Oberle, the Commercial crew foreman, walked toward the pit to listen to something another crew member was saying from across the pit and walked right into the pit. As a result of the fall, Oberle broke both

feet, his left hip, and his left wrist, and injured his left shoulder.

Thereafter Oberle filed a complaint against Hawthorne, alleging negligence and liability pursuant to the inherently dangerous activity doctrine. Hawthorne then filed a third-party complaint against Commercial, alleging common-law indemnity, implied indemnity, and contractual indemnity. The trial court granted partial summary disposition in favor of Hawthorne, dismissing with prejudice all claims against Hawthorne except Oberle's claim based on the inherently dangerous activity doctrine. The matter then proceeded to trial, and the contested jury verdict was returned. Hawthorne and Commercial each made motions for judgment notwithstanding the verdict or new trial. These motions were denied.

On appeal, both Commercial and Hawthorne claim the trial court erred in denying Hawthorne's motion for a directed verdict, arguing plaintiff failed to prove the installation of a press in a stamping plant is an inherently dangerous activity. Hawthorne also claims error in the denial of its motion for summary disposition pursuant to MCR 2.116(C)(10) on this issue.

As a general rule, an employer of an independent contractor is not liable for the contractor's negligence or the negligence of the contractor's employees. *Bosak v Hutchinson,* 422 Mich 712; 375 NW2d 333 (1985). However, an exception to this rule exists, and liability is imposed, if the work contracted for is likely to create a peculiar risk of physical harm or if the work involves a special danger inherent in or normal to the work that the employer reasonably should have known about at the inception of the contract. *Bosak; Samodai v Chrysler Corp,* 178 Mich App 252; 443 NW2d 391 (1989).

In this case, plaintiff presented evidence indicating the installation of a press in a 13-foot-deep press pit involved a peculiar risk or special danger of physical harm given the serious injuries likely to result from someone falling into the pit, especially where the pit is unprotected by guardrails or other barriers and the activity contracted for specifically involves the area of the pit. Further, plaintiff presented testimony that Hawthorne was aware the work was inherently dangerous because it prepared the blueprints for the job and knew constructing the press would involve work around an unguarded pit. Viewing this evidence in a light most favorable to plaintiff, we conclude plaintiff submitted sufficient evidence to create a question of fact for the jury to determine whether or not the installation of the press into the press pit was an inherently dangerous activity. *Stoken v J E T Electronics & Technology, Inc,* 174 Mich App 457; 436 NW2d 389 (1988).

Because the pleadings and deposition revealed a factual question regarding the inherent dangerousness of the work, summary disposition also was properly denied. *Jesson v General Telephone Co of Michigan,* 182 Mich App 430; 452 NW2d 836 (1990). Lastly, contrary to Hawthorne's assertions, the inherently dangerous activity doctrine is applicable to employees of the contractor performing the work. *Muscat v Khalil,* 150 Mich App 114; 388 NW2d 267 (1986).

Commercial next claims the trial court erred in permitting Hawthorne's claims of common-law and implied indemnity to go to the jury, contending Hawthorne was not free from active fault, a prerequisite to the availability of either. We agree.

In Michigan, a right to indemnity may arise from three sources: the common law, an implied

contract, and an express contract. A party may not seek indemnity under the common law or an implied contract where the primary complaint alleges active, rather than passive, liability. *Skinner v D-M-E Corp,* 124 Mich App 580; 335 NW2d 90 (1983); *Feaster v Hous,* 137 Mich App 783; 359 NW2d 219 (1984).

There is split of authority in this Court regarding whether, for purposes of determining indemnification claims, liability for inherently dangerous activity constitutes vicarious (passive) negligence or whether it constitutes active negligence. *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974); *Witucke v Preseque Isle Bank,* 68 Mich App 599; 243 NW2d 907 (1976). In *Nanasi,* a panel of this Court held the inherently dangerous activity doctrine presents a claim of vicarious liability, thus passive negligence. In *Witucke, supra* at 610, another panel, holding the inherently dangerous activity doctrine presents a claim of active negligence, set forth the following rationale for its position:

> Although the "inherently dangerous" doctrine is not without some confusion, . . . we believe that an essential element of the doctrine is the failure of the principal to see that all appropriate precautions are taken by the one to perform the inherently dangerous task. The doctrine, in short, says that the principal is negligent, and hence liable, because it has allowed the independent contractor to be negligent in performing the job. There is a nondelegable duty to see that the work is done with the requisite degree of care; when the contractor fails in fulfilling its duty of care, the principal has breached its own precautionary duty.

Several cases decided after *Nanasi* and *Witucke* have, like *Witucke,* held the inherently dangerous

activity doctrine presents a claim of active negligence. See *Duhame v Kaiser Engineering of Michigan, Inc,* 102 Mich App 68; 300 NW2d 737 (1980), *Reed v St Clair Rubber Co,* 118 Mich App 1; 324 NW2d 512 (1982), and *Gruett v Total Petroleum, Inc,* 182 Mich App 301; 451 NW2d 608 (1990), rev'd on other grounds 437 Mich 875 (1990). Our Supreme Court in *Bosak,* although acknowledging the split in this Court, declined to decide the issue. *Bosak* at 730, n 6.

We find the reasoning in *Witucke* persuasive and conclude the inherently dangerous activity doctrine presents a claim of active negligence. Thus, because plaintiff's complaint alleges a violation of the inherently dangerous activity doctrine, and thus active negligence, the trial court erred in allowing the issues of common-law and implied contractual indemnity to go to the jury. Commercial's motion for summary disposition pursuant to MCR 2.116(C)(10) should have been granted. The jury verdict finding Hawthorne entitled to common-law and implied contractual indemnity from Commercial is vacated.

Next, Hawthorne claims the jury verdict, which failed to include a finding of contractual indemnity, is against the great weight of the evidence and that the trial court erred in denying its motion for judgment notwithstanding the verdict or new trial on this issue.

We agree error occurred, but on grounds other than those asserted by Hawthorne. A review of the indemnity provision contained in the contract between Commercial and Hawthorne reveals no ambiguous or unclear language. Thus, the interpretation of the provision constitutes a question of law that should have been decided by the court, not submitted to the jury. *Chrysler Corp v Brencal Contractors, Inc,* 146 Mich App 766; 381 NW2d

814 (1985). On remand, the court is to determine whether the indemnity provision contained in the contract provides for indemnity under the circumstances presented herein.

Finally, we find no abuse of discretion in the trial court's failure to give the jury the supplemental instructions requested by Hawthorne. The theories of the parties and the applicable law were adequately and fairly presented to the jury. *Wiegerink v Mitts & Merrill,* 182 Mich App 546; 452 NW2d 872 (1990).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.