KULP v VERNDALE PRODUCTS, INC (ON REMAND)

Docket No. 141571. Submitted February 11, 1992, at Detroit. Decided
April 6, 1992, at 10:25 A.M.

Michael and Joy Kulp brought an action in the Wayne Circuit
Court against Verndale Products, Inc., and others, alleging
negligence with respect to injuries sustained by Michael Kulp
during the construction of a one-story addition to a warehouse
owned by Verndale. Kulp, a foreman for the roofing subcontrac-
tor, fell off the partially completed roof of the addition when a
joist collapsed. The court, Marvin R. Stempien, J., granted
summary disposition for Verndale, determining that even if the
work performed by Michael Kulp was inherently dangerous,
the plaintiffs could not proceed against Verndale under the
"inherently dangerous activity" doctrine because Michael Kulp
was an employee of the independent contractor, whose negli-
gence or that of its employees caused his injuries. The Court of
Appeals, in an unpublished opinion per curiam, decided March
17, 1988 (Docket No. 90464), reversed, holding that Kulp was
within the class of plaintiffs for whose benefit the inherently
dangerous activity doctrine was intended. The Supreme Court
denied Verndale leave to appeal. 431 Mich 866 (1988). Verndale
again moved for summary disposition in the trial court, con-
tending that Kulp, in working on the one-story addition to the
warehouse, was not engaged in an inherently dangerous activ-
ity. The trial court granted the motion. The plaintiffs appealed
to the Court of Appeals, which ordered peremptory reversal.
(Docket No. 120524.) The Supreme Court, in lieu of granting
leave, vacated the order and remanded the case to the Court of
Appeals for plenary consideration. 437 Mich 1006 (1991).

On remand, the Court of Appeals *held:*

Generally, an employer of an independent contractor is not
liable for the contractor's negligence or the negligence of the
contractor's employees. However, liability may be imposed if
the work contracted is likely to create a peculiar risk of

REFERENCES

Am Jur 2d, Independent Contractors §§ 24 *et seq.*
Liability of employer with regard to inherently dangerous work for
injuries to employees of independent contractor. 34 ALR4th 914.

physical harm or involves a special danger inherent in or normal to the work of which the employer reasonably should have known at the inception of the contract.

In this case, the trial court properly granted summary disposition for Verndale on the basis that Michael Kulp was not involved in an inherently dangerous activity at the time of his injury because the construction of the addition did not present unusual or unique risks to construction workers.

Affirmed.

NEGLIGENCE — MASTER AND SERVANT — INDEPENDENT CONTRACTORS — INHERENTLY DANGEROUS ACTIVITIES.

The construction of a roof on a one-story addition to a warehouse did not constitute an inherently dangerous activity so as to render the owner of the warehouse liable for negligence in connection with injuries sustained by an employee of the roofing subcontractor during the construction.

*Marvin L. Berris,* for the plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *John A. Cothorn, Susan Healy Zitterman,* and *Jane L. Miclay*), for the defendant.

### ON REMAND

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

BRENNAN, J. This case comes to us on remand from the Supreme Court with an order for plenary consideration. 437 Mich 1006 (1991). Plaintiffs appeal as of right from an August 18, 1989, order granting summary disposition to defendant Verndale Products, Inc., and dismissing their negligence action against defendant. We affirm.

In 1981, Verndale Products, Inc., hired Contemporary Structures to erect a one-story addition to Verndale's single-story warehouse. Contemporary became the general contractor and architect for the project. Active Welding & Fabricating Com-

pany was in turn hired by Contemporary as a subcontractor to install steel joists and metal roof decking on the addition. On May 25, 1981, plaintiff Michael Kulp, a construction foreman for Active Welding was seriously injured while working on the roof of the addition when the roof joists collapsed and he fell seventeen feet to the ground. As a result of his fall, plaintiff was rendered a paraplegic. Plaintiff and his wife subsequently filed suit against Verndale; Contemporary; Stanley Kapel, the engineer; and Vulcraft Corporation, the manufacturer and supplier of the joists utilized in the project. Among other allegations, plaintiffs alleged in their complaint that defendants failed to promote safety on the construction project, supervise, follow known applicable construction specifications concerning similar projects, provide safe working conditions when they knew plaintiff would be working on the roof joists, and warn of an "inherently dangerous activity." Plaintiffs also alleged that defendants failed to "prepare, inspect and maintain" the construction site for foreseeable human activities, thus creating an inherently dangerous condition.

Verndale filed a cross-claim against Contemporary, seeking common-law indemnity. All defendants, with the exception of Verndale, settled with plaintiffs. In consideration of $300,000, plaintiffs executed a release and indemnity agreement releasing Contemporary from liability and agreeing to indemnify it. According to the terms of the agreement, plaintiffs released all actions and claims for damage, loss, or injury against Contemporary and Kapel for the accident of May 25, 1981, but retained the right to sue all parties not released, including Verndale. In addition, plaintiffs agreed that, should they be successful in obtaining damages from a party not released, including

Verndale, and that party filed a claim against Contemporary, plaintiffs would indemnify Contemporary for all resulting liability, and reimburse it for any monies paid pursuant to such a claim.

Verndale filed the first of two motions for summary disposition in 1985. The motions were based on plaintiffs' failure to state a claim upon which relief could be granted. The trial court, by opinion and order dated November 18, 1985, granted the motion. For the purpose of deciding the motion, the trial court accepted that the work being done by Michael Kulp was "inherently dangerous," but concluded that the inherently dangerous doctrine was inapplicable to Michael Kulp because he was an employee of an independent contractor, and thus not included within the class of plaintiffs to whom the doctrine was intended to apply. Plaintiffs filed a claim of appeal to this Court. This Court conceded that for purposes of Verndale's motion, it was presumed that Michael Kulp was engaged in an inherently dangerous activity and that the "sole" issue was whether he came within the class of "others" intended to benefit from the doctrine. This Court, in an unpublished opinion per curiam, decided March 17, 1988 (Docket No. 90464), reversed the trial court's order, holding that Michael Kulp was among the class of plaintiffs intended to benefit from the "inherently dangerous activity" doctrine.

Defendant Verndale filed an application for leave to appeal to the Michigan Supreme Court, which denied leave for the reason that it was unpersuaded that the question presented should be reviewed at that time. 431 Mich 866 (1988). The case then recommenced in the trial court. Verndale filed a second motion for summary disposition based on two grounds. First, Verndale argued that even if the inherently dangerous activity doctrine

applied to an employer of a subcontractor, the activity in which Michael Kulp was engaged was not an inherently dangerous activity so as to invoke the doctrine. Verndale also argued that the litigation would be rendered moot because of the indemnity agreement executed between plaintiffs and codefendants. Verndale explained that pursuant to the agreement, damages recovered by plaintiffs from Verndale would be recovered by Verndale from Contemporary by virtue of its common-law right to indemnity. Contemporary would in turn be reimbursed by plaintiffs by virtue of the indemnity agreement.

The trial court granted summary disposition in favor of Verndale on both grounds. The court found that "the contract to build a simple, non-complex single story addition did not require the performance of work intrinsically dangerous" and that Michael Kulp's injuries were not "due to a dangerous risk inherent in performing this specific job, but from the carelessness of a coemployee." Therefore, the court concluded that the inherently dangerous activity doctrine did not apply. With respect to the second ground advanced by Verndale in its motion, the court agreed that the release and indemnification agreement executed between plaintiffs and the general contractor rendered further litigation against Verndale moot.

Plaintiffs filed a claim of appeal and a motion for peremptory reversal with this Court. Plaintiffs asserted on appeal that the issue whether the construction work being done by Michael Kulp at the time of his injury was an inherently dangerous activity had been decided in the prior decision by this Court. In addition, plaintiffs argued that the indemnification agreement could not provide a basis for dismissal because liability under the inherently dangerous activity doctrine would pre-

vent Verndale from obtaining common-law indemnity. This Court issued an order for peremptory reversal pursuant to MCR 7.211(C)(4) "for the reason that the issues raised have been ruled upon" in the prior unpublished decision. On application for leave to appeal by Verndale, the Supreme Court issued an order vacating this Court's order of peremptory reversal and remanding the case to this Court for plenary consideration for the reason that "[t]he issues raised by the defendant's appeal were not decided by the Court of Appeals prior opinion." 437 Mich 1006 (1991).

On remand, plaintiffs first argue that the trial court erred in granting summary disposition to defendant Verndale. Plaintiffs contend that construction of a building addition is an inherently dangerous activity and that defendant was negligent in failing to provide safety equipment for those who were working at great heights to keep them from falling. The trial court apparently granted summary disposition to defendant on the basis of MCR 2.116(C)(10) with respect to defendant's first argument and MCR 2.116(C)(7) with respect to defendant's second argument. A motion for summary disposition brought pursuant to MCR 2.116 (C)(10) tests whether there is factual support for a claim. *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 730; 476 NW2d 506 (1991). The motion may be granted only if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Generally, an employer of an independent contractor is not liable for the contractor's negligence or the negligence of the contractor's employees. *Oberle v Hawthorne Metal Products Co,* 192 Mich App 265; 480 NW2d 330 (1991). "However, an exception to this rule exists and liability is imposed if the work contracted for is likely to create a peculiar risk of

physical harm or if the work involves a special danger inherent in or normal to the work which the employer reasonably should have known about at the inception of the contract." *Id.,* p 268.

Defendant hired Contemporary Structures to erect a one-story addition to defendant's one-story warehouse. Although this job admittedly called for using great care, it is arguable that any construction job calls for great care to avoid injuries. Yet liability will not be imposed upon an employer for every construction job. In fact, our Supreme Court has found that the inherently dangerous activity doctrine did not apply in a very similar situation. In *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974), the plaintiff was injured while working on an addition to a building when he fell through the roof more than thirty feet to the ground. The plaintiff had been moving piping from steel beams and fell through a hole in the roof where slabs from the roof had been removed. The plaintiff contended that the owner was negligent in failing to implement safety precautions for those working at dangerous heights to protect them from falls. The trial court held that neither the construction job nor the risk (falling) was unusual or unique and that the owner could not be held liable on the basis that the plaintiff was involved in an inherently dangerous activity. *Id.,* p 110.

As in *Funk,* plaintiff in the present case contends that defendant was negligent in failing to provide safety precautions for those working at great heights. We find, as in *Funk,* that this was not an unusual or complex construction project. In fact, the project was so simple that defendant apparently did not give the contractor any designs, specifications, or input with regard to how or what was to be built, except for the amount of storage

space that was needed. The danger apparently arose from the improper setting of the roof joists, not from a peculiar risk or special danger inherent in the work that defendant should have known about at the inception of the contract. *Oberle, supra.* Accordingly, we find that the trial court properly granted summary disposition in favor of defendant on the basis that plaintiff was not involved in an inherently dangerous activity at the time of his injury.

Plaintiffs also argue that the trial court improperly dismissed their complaint on the basis that the indemnification agreement rendered litigation moot. However, this issue need not be addressed as a result of our disposition of the case.

Affirmed.