JOHNSON v TURNER CONSTRUCTION COMPANY

Docket No. 131950. Submitted December 10, 1992, at Detroit. Decided March 1, 1993, at 10:15 A.M.

Michael Johnson brought an action in the Wayne Circuit Court against Turner Construction Company and the City of Detroit, seeking damages for injuries sustained when he fell through a hole in the roof of a building owned by the city while installing roofing. He was an employee of a subcontractor hired by Turner, the general contractor. The court, William Leo Cahalan, J., granted summary disposition for Turner, finding that it did not owe the plaintiff a duty as a matter of law because there was no evidence that Turner retained control of the work or that the area where the plaintiff fell was a common work area at the time of the injury. The plaintiff appealed.

The Court of Appeals *held:*

1. The provisions in the contract between Turner and the plaintiff's employer involving general oversight and safety standards are insufficient to indicate that Turner retained control of the work.

2. The trial court did not utilize the proper test in determining whether the plaintiff was injured in a common work area. Contrary to the court's holding, it is not necessary for other subcontractors to be working at the site on the day of an accident for a location to be a common work area. All that is required is that two or more subcontractors eventually will work in the area. The court's order of summary disposition must be reversed and the case remanded to allow the court to apply the proper test in determining whether the plaintiff was injured in a common work area.

Reversed and remanded.

1. MASTER AND SERVANT — NEGLIGENCE — GENERAL CONTRACTORS — SUBCONTRACTORS.

A general contractor normally is not liable for a subcontractor's negligence, but may be liable where it retains control of the work.

REFERENCES

Am Jur 2d, Negligence §§ 89, 119, 124, 125, 1767, 1768, 1786.

See ALR Index under Degree and Standard of Care; Negligence.

2. MASTER AND SERVANT — NEGLIGENCE — GENERAL CONTRACTORS —
   SUBCONTRACTORS — COMMON WORK AREAS — READILY OBSERV-
   ABLE AND AVOIDABLE DANGERS.

   A general contractor may be liable for a subcontractor's negli-
   gence, regardless of the amount of control of the work the
   general contractor retained, where it fails reasonably to guard
   against readily observable, avoidable dangers in the common
   work areas that create a high degree of risk to a number of
   workers; all that is required for a location to be a common
   work area is that two or more subcontractors eventually will
   work in the area; it is unnecessary for two or more subcontrac-
   tors to be working at the site on the day of an accident for the
   location to be considered a common work area.

*Conway & Mossner, P.C.* (by *Michael A. Con-way*), for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse*), for Turner Construction Company.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

BRENNAN, J. Plaintiff appeals as of right from an August 1, 1990, order granting summary disposition to defendant Turner Construction Company. We reverse and remand for further proceedings consistent with this opinion.

On January 25, 1986, plaintiff, an employee of Detroit Cornice and Slate Company, fell through a hole in the roof of a building while installing roofing. Detroit Cornice was hired as a subcontractor by Turner Construction Company, the general contractor, to work on the building, which was owned by the City of Detroit. Plaintiff subsequently filed suit against Turner and the City of Detroit. The trial court granted summary disposition to Turner, finding that Turner owed plaintiff no duty as a matter of law because there was no

* Circuit judge, sitting on the Court of Appeals by assignment.

evidence that Turner retained control of the work or that the area where plaintiff fell was a common work area at the time he was injured. This appeal followed.

The trial court apparently granted summary disposition pursuant to MCR 2.116(C)(10) because it reviewed documents in addition to the pleadings. A motion brought under this subrule tests the factual support for a claim. *Kulp v Verndale Products, Inc (On Remand)*, 193 Mich App 524, 529; 484 NW2d 699 (1992). The motion may be granted only if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* A general contractor is not normally liable for a subcontractor's negligence. *Signs v Detroit Edison Co*, 93 Mich App 626, 632; 287 NW2d 292 (1979). However, a general contractor may be held liable when it retains control of the work. *Id.,* p 638. Furthermore, a general contractor may be found liable if it fails reasonably to guard against readily observable, avoidable dangers in the common work areas that create a high degree of risk to a number of workers. *Funk v General Motors Corp*, 392 Mich 91, 104; 220 NW2d 641 (1974); *Plummer v Bechtel Construction Co*, 440 Mich 646, 666; 489 NW2d 66 (1992).[1] Whether a duty exists is a question of law for the court to decide. *Janice v Hondzinski,* 176 Mich App 49, 56; 439 NW2d 276 (1989).

Plaintiff argues that the court erred in determining that Turner did not retain control of the work. In support of his argument, plaintiff points to various provisions in the parties' contract in-

[1] This is true regardless of the amount of control the general contractor retained because inherent in the general contractor-subcontractor relationship is the general contractor's supervisory and coordinating authority wherein ultimate responsibility for job safety in common work areas is placed. *Funk, supra,* p 104; *Erickson v Pure Oil Corp,* 72 Mich App 330, 335; 249 NW2d 411 (1976).

volving general oversight and safety standards. However, such provisions are insufficient to retain control. *Samodai v Chrysler Corp,* 178 Mich App 252, 256; 443 NW2d 391 (1989). Therefore, reversal is not warranted on this basis.

Plaintiff also argues that the court erred in determining that the area where he was injured was not a common work area. A review of the record in the present case reveals that the trial court did not utilize the proper test in determining whether plaintiff was injured in a common work area. The trial court held that "maybe at some subsequent date, it would be a common work area to other subs, but it certainly wasn't at the time of this accident." Contrary to the trial court's holding, it is unnecessary for other subcontractors to be working at the site on the day of the accident for a location to be a common work area. All that is required is that two or more subcontractors will eventually work in the area. *Erickson v Pure Oil Corp,* 72 Mich App 330, 337; 249 NW2d 411 (1976). Accordingly, we reverse the trial court's decision and remand in order for the trial court to apply the proper test in determining whether plaintiff was injured in a common work area.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.