KELLY, J.
(concurring in part and dissenting in part). This Court granted leave limited to whether the retained control doctrine and the common work area doctrine are separate and to a discussion of the scope of each doctrine. 469 Mich 947 (2003). The majority holds that the doctrines are not separate as applied to general contractors who utilize subcontractors. Ante at 49.
I respectfully dissent. I believe that the retained control doctrine and the common work area doctrine are distinct theories of liability. They are founded on different premises. Like all common-law tort theories, they reinforce distinct social norms.[1]
The retained control doctrine applies to one who engages an independent contractor but retains actual control over the manner in which the work is performed. It imposes a duty to ensure that the contractor exercises due care for the safety of others. See 2 Restatement of Torts, 2d, § 414, p 387. It deters undesirable conduct.
The common work area doctrine arises from the characteristics of common work areas and the efficiency of imposing responsibility on the entity that has respon *63 sibility over the entire area. Funk v Gen Motors Corporation, 392 Mich 91, 104; 220 NW2d 641 (1974), overruled in part on other grounds by Hardy v Monsanto Enviro-Chem Systems, Inc, 414 Mich 29; 323 NW2d 270 (1982).
Whether either of these doctrines applies in a given case is a question of fact. The majority affirms the trial court’s determination that plaintiff failed to create a genuine issue of material fact on the third element of the common work area doctrine. The trial court held that plaintiff failed to establish that there was a danger creating a high degree of risk to a significant number of workers.[2] Ante at 60. The Court of Appeals held that plaintiff presented evidence that other workers “would be or had been working in the same area where plaintiffs injury occurred.” 255 Mich App 165, 188; 660 NW2d 730 (2003).
Plaintiff testified that a mason was working “right below” him when the steel structure collapsed. This is evidence that other workers were in, around, and under the structure while it was being erected. It is reasonable to infer that other workers would continue to be in, on, and around it as construction continued. If the structure were not built competently, an extremely dangerous condition would exist that the structure would collapse. It is of no moment that there happened to be only one worker in the area at the time of the accident.
THE COURT OF APPEALS DECISION IS CORRECT
I agree with the Court of Appeals. Plaintiffs testimony is sufficient to create a genuine issue of material *64 fact regarding whether a significant number of workers in addition to the mason were exposed to the danger.
Moreover, plaintiff presented evidence that defendant Capital Welding retained control over the manner in which the work of Capital’s subcontractor, Abray, was performed. Capital’s field superintendent stated that he instructed Abray’s ironworkers on proper erection. Plaintiff, Abray’s employee, testified that Capital’s superintendent instructed him on particular aspects of the job.[3]
The contract between Capital and Monarch obligated Capital to undertake safety precautions for the steel erection work. Capital’s field superintendent stated that he had the authority to remove a contractor from the site for safety violations. Therefore, Capital retained its responsibility to ensure that the steel was erected safely after subcontracting the work to Abray, plaintiffs employer.
An analogy between Funk and this case is appropriate. Funk did not explicitly limit its reasoning to landowners and general contractors. The landowner there was liable to its contractor’s employee because it retained control over the safety precautions implemented on the site. See Funk at 107-108. In this case, plaintiff presented evidence that Capital retained control over the methods and safety procedures for Abray’s erection of the steel. Capital stands in the identical position to plaintiff as the landowner in Funk did as to Funk. Accordingly, it was not entitled to summary disposition on the proposition that it could not be liable to its contractor’s employee.
*65 However, with respect to Monarch, plaintiff failed to establish that Monarch had anything more than general oversight of the construction. This is insufficient to establish liability under either the common work area doctrine or the retained control doctrine. Johnson v Turner Constr Co, 198 Mich App 478, 480; 499 NW2d 27 (1993). Monarch was entitled to summary disposition.
POSSIBLE UNINTENDED RESULTS OF THE DESHAMBO AND ORMSBY DECISIONS
DeShambo[4] and Ormsby read together could have unfortunate unintended results in future cases. Under the tort reform statutes, with few exceptions, liability is no longer joint but only several. MCL 600.2956. It is based on fault. MCL 600.2957(1). The fault of a party is determined by the trier of fact regardless of whether the party can be held legally liable. MCL 600.6304(1).
However, an injured individual can recover only from a party that can be held legally liable. The trier of fact may assign fault to one who engages an independent contractor and then negligently directs the actions of that contractor. But under today’s decisions in Ormsby and DeShambo, such an employer, landowner or otherwise, could not be held hable unless an injury occurs in a common work area. Hence, employers now can conceivably escape all liability for their own negligence in a given accident.
*66 I believe that this result is not consistent with the principles underlying the common law. It is inconsistent, also, with the intent of the tort reform statutes. A negligent actor should be legally liable for his actions. Because the majority’s decision undermines this principle, I disagree and would affirm the decision of the Court of Appeals.

 See, generally, 1 Dobbs, The Law of Torts, Aims, Policies and Methods of Tort Law, Ch 1, Topic B, p 12 ff.

 See Groncki v Detroit Edison Co, 453 Mich 644, 662; 557 NW2d 289 (1996) (Brickley, C.J.), citing Funk, supra at 104.

 Plaintiff was told to fabricate lugs that would be welded to the structure’s columns.

 This case was argued and submitted together with DeShambo v Anderson, 471 Mich 27; 684 NW2d 332 (2004). DeShambo holds that a landowner is not liable for an independent contractor’s negligence that injures an employee of that contractor who is engaged in an inherently dangerous activity. Id. at 41. The analysis in Ormsby could logically be extended to preclude liability of a landowner under the combined common work area/retained control doctrine as well.