## SMITH v PARK CHEMICAL COMPANY

Docket No. 84474. Submitted January 7, 1986, at Detroit. Decided August 19, 1986. Leave to appeal denied, 428 Mich 862.

Plaintiff, Gordon W. Smith, was injured when hot tar splashed onto his body in the course of his employment as a laborer for Dino Benson, Sr., who contracted for repair work on a roof over a plant owned by Park Chemical Company. Plaintiff filed a tort suit in the Wayne Circuit Court against Benson and Park Chemical, alleging that Park Chemical (hereinafter referred to as defendant) was negligent in failing to provide proper safety apparatus, clothing, procedures, equipment, and supervision. As Benson was not insured for workers' compensation, defendant assumed liability as a statutory employer under the Workers' Disability Compensation Act. The trial court, Henry J. Szymanski, J., granted defendant's motion for summary disposition, ruling that workers' compensation was the exclusive remedy for plaintiff's injuries. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendant is liable for any workers' compensation benefits due to employees of Benson who worked in connection with its contract with Benson, but may seek indemnification from Benson for any benefits paid, under § 171 of the WDCA.

2. The exclusive remedy provision of the WDCA applies to both common-law employers and statutory employers such as defendant, who are deemed to be employers of injured workers for purposes of workers' compensation.

3. The exclusive remedy provision of the WDCA does not violate the equal protection clauses of either the United States or Michigan Constitutions.

Affirmed.

1. WORKERS' COMPENSATION — WORKERS' DISABILITY COMPENSATION ACT.

The section of the Worker's Disability Compensation Act which

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 15 *et seq.*

See the annotations in the Index to Annotations under Equal Protection of Law; Workers' Compensation.

provides that an employer subject to the act who contracts with another who is not subject to the act or who has inadequate coverage is liable to an injured employee of the other was enacted by the Legislature to ensure that employees in certain industries are extended coverage and protected against their employers' failure to obtain adequate workers' compensation insurance (MCL 418.171; MSA 17.237[171]).

2. WORKERS' COMPENSATION — WORKERS' DISABILITY COMPENSATION
   ACT — EXCLUSIVE REMEDY — CONSTITUTIONAL LAW — EQUAL
   PROTECTION.
   The exclusive remedy provision of the Workers' Disability Compensation Act applies to the situation where an employer subject to the act becomes liable as a result of having contracted with an uninsured employer whose employee is subsequently injured; such a result does not violate the injured employee's right to equal protection under the Michigan Constitution or the United States Constitution (US Const, Am XIV; Const 1963, art 1, § 2; MCL 418.131; MSA 17.237[131]).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *C. F. Boyle, Jr.,* and *Robert D. Brignall*), for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

PER CURIAM. Plaintiff appeals as of right from an adverse Wayne Circuit Court order of summary disposition in his tort action for injuries allegedly received through the negligence of Park Chemical Company (hereinafter referred to as defendant).

According to plaintiff's complaint, he was employed by Dino Benson, Sr., as a laborer on June 9, 1983. Dino Benson, Sr., was a contractor for defendant, repairing the roof on one of defendant's plants in the City of Detroit. The complaint states that plaintiff was injured when hot tar splashed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

onto his body, causing severe burns. Plaintiff alleges that defendant was negligent in failing to provide proper safety apparatus, clothing, procedures, equipment, and supervision.

Plaintiff's employer was apparently uninsured for workers' compensation, in violation of MCL 418.611; MSA 17.237(611). Defendant accordingly assumed liability as a statutory employer under MCL 418.171; MSA 17.237(171). Defendant's motion for summary disposition was based on the "exclusive remedy" provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). The trial court granted defendant's motion, reasoning that workers' compensation was plaintiff's exclusive remedy under the act. We are now called upon to decide whether the trial court erred in so holding because the exclusive remedy provision of the Workers' Disability Compensation Act is a violation of the equal protection clauses of either the United States or Michigan Constitutions.

Liability under the Workers' Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.,* extends to all employers under § 111, MCL 418.111; MSA 17.237(111), other than those enumerated in § 115. However, to ensure that employees in certain industries, such as construction, are extended coverage, the Legislature enacted § 171 of the act. Section 171, MCL 418.171; MSA 17.237(171), was intended to protect employees of contractors and subcontractors against their employers' failure to obtain adequate workers' compensation insurance. *Hamilton v Superior Mushroom Co,* 91 Mich App 52; 282 NW2d 831 (1979). Section 171(1) provides that whenever an employer who is subject to the act (the principal) contracts with another who is either not subject to the act or is otherwise uninsured for purposes of workers'

compensation (the contractor), the principal becomes liable for the workers' compensation benefits due to the employees of the contractor. The section further provides that "if compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer." Principals subject to workers' compensation liability under the foregoing provision are commonly called "statutory employers." Subsection (2) of § 171 entitles the statutory employer to indemnification from what might be called the "common-law employer."

Defendant concedes that it is liable as a statutory employer under the act. The issue in this case arises out of the application of the "exclusive remedy provision" of § 131 to the instant case. Section 131 provides:

> *The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer.* As used in this section and section 827 "employee" includes a person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and "employer" includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract. [MCL 418.131; MSA 17.237(131). Emphasis added.]

Defendant argues that the exclusive remedy provision applies to statutory employers, while plaintiff argues that it only applies to common-law employers.

Previously, this Court split on whether the ex-

clusive remedy provision applied to statutory employers. Compare *Drewes v Grand Valley State Colleges,* 106 Mich App 776; 308 NW2d 642 (1981), lv den 419 Mich 880 (1984) (applies), with *Dagenhardt v Special Machine & Engineering, Inc,* 108 Mich App 75; 310 NW2d 41 (1981) (does not apply), rev'd 418 Mich 520; 345 NW2d 164 (1984), reh den 419 Mich 1207 (1984). In its reversal of *Dagenhardt,* the Supreme Court resolved the split, holding that the exclusive remedy provision does apply to statutory employers. 418 Mich 529. However, the Supreme Court's analysis was limited to issues of statutory construction, since that plaintiff's equal protection claims were not preserved in the trial court. 418 Mich 527.

Here, plaintiff preserved his equal protection claim by first raising it in the trial court. However, this Court has previously addressed the same constitutional argument in *Drewes,* holding that an extension of the exclusive remedy provision to statutory employers did not violate the equal protection clause of either the Michigan or United States Constitutions. *Drewes, supra,* pp 784-788. The *Drewes* analysis of the equal protection issue was based on precisely the same construction of the exclusive remedy provision of the act as that adopted by the Supreme Court in *Dagenhardt.*

Although the challenge was brought on both state and federal grounds, the *Drewes* Court focused only on the state constitutional issue. However, we note that Michigan has construed its equal protection provision, Const 1963, art 1, § 2, as coextensive with that of the US Const, Am XIV. See *Armco Steel Corp v Dep't of Treasury,* 419 Mich 582, 591; 358 NW2d 839 (1984); *Fox v Employment Security Comm,* 379 Mich 579, 588; 153 NW2d 644 (1967). Thus, because the analysis un-

der the United States or Michigan Constitution is the same we find ourselves in agreement with the *Drewes* decision.

We conclude that the exclusive remedy provision of the Workers' Disability Compensation Act does apply to statutory employers, such as the one in this case. Thus we agree with the trial court's order of summary disposition.

Affirmed.