SAMODAI v CHRYSLER CORPORATION

Docket No. 104982. Submitted November 14, 1988, at Detroit. Decided
March 2, 1989. Leave to appeal denied, 433 Mich 875.

Paul Samodai, an employee of a contracting firm doing demoli-
tion and renovation work for Chrysler Corporation on Chrys-
ler's premises, was injured when, while standing on a wooden
pallet lifted by a forklift in order to change temporary lights
suspended some twenty to twenty-five feet above the floor, the
lifting mechanism malfunctioned, dislodging Samodai and caus-
ing him to fall. Samodai and his wife, Josephine Samodai, filed
suit against Chrysler in Wayne Circuit Court seeking damages
for personal injuries and loss of consortium. Chrysler moved for
summary disposition on the ground that there was no genuine
issue of material fact and Chrysler was entitled to judgment as
a matter of law. The court, John H. Gillis, Jr., J., granted
summary disposition in favor of Chrysler. Plaintiffs appealed.

The Court of Appeals *held:*

1. The depositions made part of the record in this case
provided a sufficient factual basis for resolution of the issues
raised by defendant's motion for summary disposition.

2. As a general rule, an owner of property is not liable to an
employee of an independent contractor for negligence. In such
situations, the actual employer of a worker is immediately
responsible for job safety and for maintaining a safe work
place. The two main exceptions to the general rule provide for
liability if (1) the property owner retains control over the work
done and the contractor's activities or (2) the work is inher-
ently dangerous, i.e., the work can reasonably be foreseen as
dangerous to third parties. Neither exception is applicable

REFERENCES

Am Jur 2d, Independent Contractors §§ 41-43; Premises Liability
§§ 250 *et seq.*

Liability of employer with regard to inherently dangerous work for
injuries to employees of independent contractor. 34 ALR4th 914.

Duty of owner of premises to furnish independent contractor or his
employees a safe place to work, where contract is for repairs. 31
ALR2d 1375.

under the facts of this case. The court did not err in granting summary disposition in favor of defendant.

Affirmed.

1. MASTER AND SERVANT — NEGLIGENCE — INDEPENDENT CONTRAC-
    TORS — INJURIES TO EMPLOYEES — LIABILITY OF PROPERTY
    OWNERS.

As a general rule, an owner of property is not liable to an employee of an independent contractor for negligence; in such situations, the actual employer of a worker is immediately responsible for job safety and for maintaining a safe work place; there are, however, two main exceptions to this general rule: (1) where the property owner retains control over the work done and the contractor's activities or (2) where the work is inherently dangerous, i.e., the work can reasonably be foreseen as dangerous to third parties.

2. MASTER AND SERVANT — NEGLIGENCE — INDEPENDENT CONTRAC-
    TORS — SUBCONTRACTORS — INHERENTLY DANGEROUS ACTIVI-
    TIES.

Liability should not be imposed on an employer of an independent contractor for harm resulting from work caused by the contractor's negligence or that of the contractor's employees where the work is not an inherently dangerous activity, but rather involves a new risk, created in the performance of the work, which was not reasonably contemplated at the time of the contract between the employer and the independent contractor.

3. MASTER AND SERVANT — NEGLIGENCE — INDEPENDENT CONTRAC-
    TORS.

Generally, a property owner is not liable to an employee of a contractor for the contractor's negligence; however, where the owner retains sufficient control of the work performed by the contractor which amounts to more than mere contractual control, safety inspections, and general oversight, liability for such negligence may be imposed.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Margaret V. Holman*), for plaintiff.

*John W. Humanic Law Offices* (by *Martha A. Churchill*), for defendant.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and T. M. BURNS,* JJ.

PER CURIAM. The circuit court granted summary disposition in favor of defendant Chrysler Corporation and dismissed plaintiffs' claim for personal injuries and loss of consortium resulting from an accident on Chrysler's premises in the course of plaintiff Paul Samodai's employment with a contracting firm doing demolition and renovation work for Chrysler. We affirm.

Immediately before the accident, Samodai, standing on a wooden pallet placed on the prongs of a forklift, was elevated in order to change some temporary light bulbs suspended some twenty to twenty-five feet above the floor. Thereafter, as Samodai was being lowered, the forklift lifting mechanism malfunctioned, dislodging Samodai and causing him to fall.

Summary disposition was premised on MCR 2.116(C)(10). A motion pursuant to this subrule requires the court to determine whether there is factual support for a claim, giving the benefit of reasonable doubt to the nonmoving party. *Dumas v Auto Club Ins Ass'n*, 168 Mich App 619, 626; 425 NW2d 480 (1988). Summary disposition is appropriate if the court determines on the basis of the record that it is impossible for the claim asserted to be supported by evidence at trial. *Peterfish v Frantz*, 168 Mich App 43, 48-49; 424 NW2d 25 (1988). Plaintiffs argue that defendant, as the moving party, failed to meet its burden of demonstrating by affidavits, depositions, admissions, or other documentary evidence that there was no genuine issue of material fact. MCR 2.116(G)(3) and (4). We disagree. The depositions made part of the record

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

in this case provide a sufficient factual basis for resolution of the issues raised by defendant's motion for summary disposition.

As a general rule, an owner of property is not liable to an employee of an independent contractor for negligence. *Funk v General Motors Corp,* 392 Mich 91, 101; 220 NW2d 641 (1974); *Wolfe v Detroit Edison Co,* 156 Mich App 626, 627; 402 NW2d 16 (1986), lv den 428 Mich 865 (1987). In such situations, the actual employer of a worker is immediately responsible for job safety and for maintaining a safe work place. *Funk, supra,* p 102. The two main exceptions to this general rule provide for liability if: (1) the property owner retains control over the work done and the contractor's activities or (2) the work is inherently dangerous—the work can reasonably be foreseen as dangerous to third parties. *Bosak v Hutchinson,* 422 Mich 712, 724; 375 NW2d 333 (1985); *Wolfe, supra.*

Plaintiffs claim that Samodai was engaged in an inherently dangerous activity at the time of his accident. However, this claim falters in view of the principle that the risk or danger must be recognizable in advance of the accident, more specifically, at the time of the inception of the contract. See *Bosak, supra,* p 728 ("[t]hus, liability should not be imposed where a new risk is created in the performance of the work which was not reasonably contemplated at the time of the contract"). In this case, neither changing light bulbs nor operating a forklift are to be reasonably anticipated as presenting peculiar risks or special dangers. Instead, the accident appears to have resulted from a routine activity carrying a risk collateral to the nature of the anticipated job. See *Bosak, supra; Samhoun v Greenfield Construction Co, Inc,* 163 Mich App 34, 43-44; 413 NW2d 723 (1987).

Plaintiffs also claim that Chrysler retained substantial control over the work performed. In support of this contention, plaintiffs rely on documentation of daily contacts of Chrysler employees with the contractor, instances of Chrysler's request for compliance with safety standards, and provisions in the contract regarding job specifications and workers' safety. However, contractual provisions subjecting the contractor to the contractee's oversight are not enough to retain effective control. *Erickson v Pure Oil Corp,* 72 Mich App 330, 339; 249 NW2d 411 (1976). The requisite nature of this standard requires that the owner retain at least partial control and direction of *actual* construction work, which is not equivalent to safety inspections and general oversight. *Miller v Great Lakes Steel Corp,* 112 Mich App 122; 315 NW2d 558 (1982); *Wolfe, supra.* Unlike in *Funk, supra,* there is no showing here that what defendant's employees "said, or left unsaid, determined how the work would be performed," but only that the end result of the work was specified. This case is further distinguished from *Funk* as a factual matter because Samodai was not working in an ongoing state of hazardous work conditions creating readily apparent dangers with the premises owner's acquiescence. In *Funk,* the nature and severity of the risk was deemed significant to a determination of the degree to which control was retained by the premises owner.

Affirmed.