## SEXTON v JIT, INC (ON REMAND)

Docket No. 161269. Submitted February 12, 1993, at Lansing. Decided June 7, 1993, at 9:40 A.M. Leave to appeal sought.

Edward and Debra Sexton brought a personal injury action against JIT, Inc., in the Wayne Circuit Court, seeking damages for an injury Edward sustained while driving a truck for B.T. Transportation, which had hired him to deliver goods on behalf of the defendant. The defendant had agreed with B.T. Transportation to provide workers' compensation coverage for B.T. Transportation's drivers. The court, Kaye Tertzag, J., denied summary disposition for the defendant, rejecting its invocation of the exclusive remedy provision of the workers' compensation act. The Court of Appeals, SAWYER, P.J., and NEFF and FITZGERALD, JJ., in an unpublished opinion per curiam, decided May 22, 1992 (Docket No. 129480), reversed and remanded for entry of summary disposition for the defendant, holding that it may be deemed the employer of Edward Sexton pursuant to MCL 418.171; 17.237(171). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for consideration of the plaintiffs' argument that B.T. Transportation complied with MCL 418.611; MSA 17.237(611) through the agreement that the defendant would provide workers' compensation and, therefore, the condition of the defendant becoming a statutory employer under MCL 418.171; MSA 17.237(171) was not met.

On remand, the Court of Appeals *held*:

Pursuant to MCL 418.171; MSA 17.237(171), an employer that is subject to the provisions of the workers' compensation act and contracts with an employer that is not subject to the act or has not complied with the requirements of MCL 418.611; MSA 17.237(611) concerning the securing of payment of workers' compensation may be deemed, for purposes of workers' compensation, the statutory employer of a worker of the other employer if the worker sustains injury while performing work the other employer agreed by contract to provide to the first employer.

In this case, the defendant cannot be deemed the employer of Edward Sexton pursuant to MCL 418.171; MSA 17.237(171) because the entity with which it contracted, B.T. Transporta-

tion, was subject to the workers' compensation act and had complied with MCL 418.611; MSA 17.237(611).

Affirmed.

*Schefman & Miller, P.C.* (by *Leslie C. Schefman and Neil A. Miller*), for the plaintiffs.

*Eccelstone, Moffett & Humphrey, P.C.* (by *Donald R. Dillon, Jr.*), for the defendant.

ON REMAND

Before: SAWYER, P.J., and NEFF and FITZGERALD, JJ.

NEFF, J. This case is before us on remand from the Supreme Court. 441 Mich 929 (1993). In *Sexton v JIT, Inc,* unpublished opinion per curiam of the Court of Appeals, decided May 22, 1992 (Docket No. 129480), this panel reversed and remanded to the trial court for entry of summary disposition in defendant's favor. The Supreme Court, in lieu of granting leave to appeal, vacated our original opinion and remanded this case to us for consideration of plaintiffs' argument that B.T. Transportation complied with MCL 418.611; MSA 17.237(611) through an agreement that JIT, Inc., would provide workers' compensation and, therefore, the condition of JIT, Inc., becoming a statutory employer under MCL 418.171; MSA 17.237(171) was not met. On remand, we affirm the order of the circuit court denying defendant's motion for summary disposition based on the exclusive remedy provision of the workers' compensation act and remand for further proceedings consistent with this opinion.

I

As noted in our now vacated opinion, plaintiff

Edward Sexton was hired by B.T. Transportation to drive a truck and deliver loads on behalf of defendant. B.T. Transportation had no workers' compensation coverage. By oral agreement between B.T. Transportation and defendant, defendant provided the workers' compensation coverage for B.T. Transportation's drivers.[1] Plaintiff was severely injured during the course of his employment for B.T. Transportation. He obtained workers' disability compensation benefits paid by defendant's workers' compensation carrier.

Plaintiffs thereafter brought this personal injury action against defendant. As noted, the trial court denied defendant's motion for summary disposition based on the exclusive remedy provision of the workers' compensation act, MCL 418.131; MSA 17.237(131). We held that defendant was a statutory employer pursuant to MCL 418.171; MSA 17.237(171), a conclusion we acknowledge was in error.

II

Under § 171 of the act, a principal may be deemed a statutory employer and therefore liable to pay workers' compensation under the act if it contracts with another employer who is not subject to the act or who has not complied with the provisions of § 611.

Under § 611, an employer can secure the payment of workers' compensation benefits under the act by being self-insured, by obtaining insurance, or by insuring liability with the Accident Fund. By employing the so-called "shoot through" agreement in this case, B.T. Transportation complied

[1] This type of arrangement is sometimes referred to as a "shoot through" agreement.

with the requirements of securing payment of compensation required under MCL 418.611(1)(b); MSA 17.237(611)(1)(b), by insuring against liability with an insurer via the coverage provided by JIT, Inc. Accordingly, JIT, Inc., cannot be deemed the statutory employer under § 171 because it did not contract with someone who was not subject to the act or who had not complied with the provisions of § 611 because B.T. Transportation was subject to the act and had complied with § 611. In essence, B.T. Transportation is the insured party by virtue of the "shoot through" agreement between B.T. Transportation and JIT, Inc. B.T. Transportation, as plaintiff's employer, complied with § 611 of the act, rendering § 171 inapplicable to defendant's claim that it is plaintiff's statutory employer.

Because plaintiff's employer is B.T. Transportation and JIT, Inc., cannot be deemed a statutory employer pursuant to § 171 of the act, JIT, Inc., is not entitled to summary disposition under the exclusive remedy provision of the act, MCL 418.131; MSA 17.237(131).

Affirmed.