BURGER v MIDLAND COGENERATION VENTURE

Docket No. 135415. Submitted April 14, 1993, at Grand Rapids. Decided November 1, 1993, at 9:40 A.M.

David Burger brought an action in the Midland Circuit Court against Midland Cogeneration Venture and Fluor Daniel, Inc., seeking damages for injuries suffered in a construction accident that occurred at a plant owned by Midland Cogeneration and alleging that the work he was engaged in at the time of the accident was an inherently dangerous activity. The plaintiff was an employee of Babcock & Wilcox Construction Company, Inc., a subcontractor of Fluor Daniel, Midland Cogeneration's general contractor. Midland Cogeneration had purchased workers' disability compensation insurance covering all contractors and subcontractors and the respective employees, and the issuer of that policy paid the plaintiff workers' compensation benefits. The court, Thomas A. Beale, J., granted summary disposition for the defendants on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act, but denied summary disposition for the defendants with respect to their claim that they owed no legal duty to the plaintiff. The plaintiff appealed, and the defendants cross appealed.

The Court of Appeals *held:*

1. The defendants based their claim to the protection of the exclusive remedy provision on the language of § 171 of the Workers' Disability Compensation Act, MCL 418.171; MSA 17.237(171), that makes one who engages a contractor that is not subject to the WDCA or that has not complied with the requirements of § 611, MCL 418.611; MSA 17.237(611), the statutory employer of that contractor's employees for the purpose of workers' compensation benefits. However, because Babcock & Wilcox was subject to the WDCA and had complied with § 611 by virtue of the insurance policy purchased by Midland Cogeneration, the defendants cannot be deemed to be statutory employers pursuant to § 171. Accordingly, the trial court erred in granting summary disposition on the basis of the exclusive remedy provision.

2. The trial court correctly determined that there were unresolved questions of fact concerning whether the activity was inherently dangerous and whether the defendants had

retained control of the work performed by the plaintiff. Because of these unresolved questions of fact, the trial court's denial of summary disposition based on the lack of a legal duty was proper.

Reversed in part, affirmed in part, and remanded.

*Milan, Miller, Berger, Brody & Miller, P.C.* (by *Martin M. Miller* and *Paul A. Isley*) (*Bendure & Thomas,* by *Mark R. Bendure* and *Victor S. Valenti,* of Counsel), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Thomas J. Foley, Susan Healy Zitterman,* and *Sharon A. Dewaele*), for the defendants.

Before: NEFF, P.J., and McDONALD and MURPHY, JJ.

MURPHY, J. Plaintiff appeals from an order of the Midland Circuit Court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7). Defendants cross appeal from the order of the circuit court denying their motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). We affirm in part and reverse in part.

This case arises out of a construction accident that occurred at the plant of defendant Midland Cogeneration Venture (Midland) near Midland, Michigan. At the time of the accident, plaintiff was an employee of Babcock & Wilcox Construction, Inc., a subcontractor that had contracted with defendant Fluor Daniel, Inc., Midland's general contractor, to install boilers for the Midland plant. Plaintiff was standing on a wet pipe inside an air duct for the purpose of cleaning the duct when he slipped and fell, suffering permanent injuries. Plaintiff received workers' compensation benefits under a "wrap-up" workers' compensation insurance policy purchased by Midland, which was

to cover all contractors, subcontractors, and their respective employees at the job site.

Plaintiff filed this suit against Midland and Fluor Daniel, alleging that defendants were negligent on the theories of inherently dangerous activity and premises liability. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), contending that plaintiff's suit was barred because the wrap-up policy caused both defendants to be statutory employers under MCL 418.171; MSA 17.237(171). Defendants argued that, therefore, plaintiff's suit was barred by the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). Defendants subsequently moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), contending that they owed no duty to plaintiff.

The circuit court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(7), determining that defendants were statutory employers under the WDCA and were entitled to its exclusive remedy provisions, thereby providing immunity from suit in tort. The circuit court denied defendants' motions pursuant to MCR 2.116(C)(8) and (10), however, determining that whether Midland retained sufficient control over the work site was a question of fact and that reasonable minds could differ regarding whether the risk of danger involved in plaintiff's work duties was recognizable in advance. The circuit court denied plaintiff's and defendants' motions for rehearing and reconsideration.

I

The essence of plaintiff's challenge on appeal is whether, under the facts of this case, the exclusive remedy provision of § 131 of the WDCA, MCL

418.131; MSA 17.237(131), applies to bar plaintiff's tort claim and thereby justifies summary disposition of plaintiff's claim pursuant to MCR 2.116(C)(7). Plaintiff contends that the exclusive remedy provision does not apply because, contrary to the holding of the circuit court, defendants do not qualify as statutory employers under § 171 of the WDCA. We agree.

Generally, workers' compensation liability extends to all employers under § 111 of the act, MCL 418.111; MSA 17.237(111), other than those set forth in § 115, MCL 418.115; MSA 17.237(115). *Smith v Park Chemical Co,* 154 Mich App 180, 182; 397 NW2d 260 (1986). Recognizing that employees in certain industries may not be adequately covered, the Legislature enacted § 171 of the act to ensure that workers' compensation coverage is extended to employees of contractors and subcontractors, even if their employers failed to obtain adequate coverage. *Id.* Section 171 provides as follows:

> (1) If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. If compensation is claimed from or proceedings are taken against the principal, then, in the application of this act,

reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the person under the employer by whom he or she is immediately employed. A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract.

Employers subject to liability under § 171 are commonly referred to as statutory employers. *Smith, supra,* 183. If an employer is a statutory employer under § 171 of the WDCA, the exclusive remedy provision of § 131 of the WDCA applies. *Dagenhardt v Special Machine & Engineering, Inc,* 418 Mich 520, 529-530; 345 NW2d 164 (1984); *Smith, supra,* 185. Section 131 provides, in pertinent part:

(1) The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort.

An employer qualifies as a statutory employer under § 171 if it contracted with another employer not subject to the act or who has not complied with § 611 of the act, MCL 418.611; MSA 17.237(611). See *Sexton v JIT, Inc (On Remand),* 200 Mich App 52, 55; 504 NW2d 16 (1993). To comply with § 611, an employer must secure payment of workers' compensation benefits either by being self-insured, by obtaining insurance, or by insuring with the Accident Fund. *Sexton, supra,* 54.

In this case, plaintiff's employer, Babcock & Wilcox, was the subcontractor of defendant Fluor

Daniel, the contractor hired by defendant Midland to oversee construction at Midland's plant. Midland purchased the so-called wrap-up workers' compensation insurance policy covering all contractors, subcontractors, and their employees. By purchasing the wrap-up policy, Midland complied with the requirement of § 611 that it secure payment of workers' compensation benefits by obtaining insurance. Further, by contracting with Midland, Fluor Daniel complied with the requirement of § 611 that it secure payment of workers' compensation benefits by obtaining insurance. Similarly, because Babcock & Wilcox was a named insured under the wrap-up policy, it also complied with § 611. See *Sexton, supra,* 54-55. This being the case, neither defendant can be a statutory employer under § 171 because neither defendant contracted with someone who was not subject to the act or who had not complied with § 611, because each was subject to the act and each complied with § 611, as did Babcock & Wilcox. Because neither defendant qualifies as a statutory employer under § 171, neither defendant was entitled to protection under the exclusive remedy provision of § 131 of the WDCA.[1] *Sexton, supra.* Defendants were therefore not entitled to summary disposition pursuant to MCR 2.116(C)(7).

II

Defendants contend on cross appeal that the circuit court improperly denied their motions for summary disposition pursuant to MCR 2.116(C)(8) and (10). We disagree.

A motion for summary disposition pursuant to

---

[1] We note that defendants do not contend that they were otherwise entitled to application of the exclusive remedy provision, except as statutory employers.

MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Lowman v Karp,* 190 Mich App 448, 450; 476 NW2d 428 (1991). The motion should be granted only if the claim is so clearly unenforceable as a matter of law that no factual development could justify recovery. *Id.,* 450-451. A motion for summary disposition pursuant to MCR 2.116(C)(10) is properly granted when, giving the benefit of doubt to the nonmoving party, it is impossible for the record to be developed so as to leave open an issue upon which reasonable minds might differ. *Admiral Ins Co v Columbia Casualty Ins Co,* 194 Mich App 300, 310-311; 486 NW2d 351 (1992).

Defendants argue that plaintiff is not entitled to recover tort damages under the theories of premises liability or inherently dangerous workplace because they owed no legal duty to plaintiff. Generally, the owner of property is not liable to the employee of an independent contractor for negligence. *Justus v Swope,* 184 Mich App 91, 94; 457 NW2d 103 (1990); *Samodai v Chrysler Corp,* 178 Mich App 252, 255; 443 NW2d 391 (1989). One exception is where the activity is inherently dangerous. *Justus, supra; Samodai, supra.* To be inherently dangerous, the risk involved must be recognizable in advance, at the time of the contract, and must be inherent in the work itself or normally expected in the ordinary course of doing the work. *Justus, supra.* Where evidence is presented concerning the hazardous elements of a job, the determination whether the job is inherently dangerous is a question for the jury. *Perry v McLouth Steel Corp,* 154 Mich App 284, 301; 397 NW2d 284 (1986). In this case, the circuit court correctly determined that whether the job was inherently dangerous was a question for the jury to resolve. *Id.*

Another exception to the general rule that the property owner is not liable in negligence to the employee of an independent contractor is where the property owner retains control over the work done and the contractor's activities. *Samodai, supra.* Defendants argue that defendant Midland did not retain sufficient control over the project to be subject to tort liability. There is no specific test to determine whether an owner has retained control over a construction project on the owner's property. *Wolfe v Detroit Edison Co,* 156 Mich App 626, 628; 402 NW2d 16 (1986). Contractual provisions subjecting the contractor to the owner's oversight alone are not enough to retain control. *Samodai, supra,* 256. Rather, the owner must retain at least partial control and direction of the construction work, beyond safety inspection and general oversight. *Id.* In this case, plaintiff alleged that Midland retained the right to assign subcontractors to Fluor Daniel, to perform the work itself, and to approve all subcontracts. The circuit court correctly determined that whether Midland retained sufficient control over the project to be subject to tort liability was a question of fact.

The order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) is reversed and the case is remanded to the circuit court. The order denying defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10) is affirmed.