*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL CRISPIN,

        Plaintiff-Appellant,

v

BARTON MALOW BUILDERS, LLC, and
SAYLOR'S, INC.,

        Defendants-Appellees.

FOR PUBLICATION
April 11, 2024
9:10 a.m.

No. 363928
Wayne County Circuit Court
LC No. 21-004042-NO

Before: RIORDAN, P.J., and O'BRIEN and MALDONADO, JJ.

MALDONADO, J.

In this workplace negligence action, plaintiff appeals by delayed leave granted[1] the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) (immunity) and (10) (no genuine issue of material fact). We reverse.

## I. BACKGROUND

This case calls upon us to answer whether the exclusive remedy provision of the Worker's Disability Compensation Act of 1969 (WDCA), MCL 418.101 *et seq.*, bars an employee for a subcontractor to bring a negligence action against another subcontractor.

Rock Development Company, LLC, was the owner of a project to construct the Wayne County Criminal Justice Center. Rock Development was represented by Bedrock Management Services, LLC, and for the purposes of this project, Bedrock Management took out an owner-controlled insurance program (OCIP) policy with Ace American Insurance Company. This policy provided that Ace would be the primary coverage provider for all people working at the project site. Bedrock Management entered into a contract with defendant Barton Malow Builders, LLC, whereby the latter would serve as general contractor and construction manager for Rock

---

[1] *Crispin v Barton Malow Builders LLC*, unpublished order of the Court of Appeals, entered May 4, 2023 (Docket No. 363928).

Development's project. Barton Malow then hired multiple subcontractors, including defendant Saylor's, Inc., and Universal Glass. Plaintiff was employed by Universal Glass and worked on the project. Plaintiff avers that on October 14, 2020, he was on an aerial lift welding windows on the fourth floor of the project, while Saylor's' employees were installing fireproofing materials directly above plaintiff on the seventh floor. Plaintiff was injured when a large piece of fireproofing material being applied by Saylor's fell and landed on him.

Plaintiff brought a negligence action against defendants. Defendants moved for summary disposition, arguing that the worker's compensation benefits plaintiff recovered through Bedrock Management's OCIP policy was plaintiff's exclusive remedy. Plaintiff countered that the WDCA's exclusive remedy provision did not apply because he was employed by Universal Glass, not Saylor's or Barton Malow. The trial court agreed with defendants and granted summary disposition. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court must accept the plaintiff's well-pleaded allegations as true and construe them in favor of the plaintiff. *Beauregard-Bezou v Pierce*, 194 Mich App 388, 390; 487 NW2d 792 (1992). If there are no facts in dispute, the issue whether the claim is statutorily barred is a question of law for the Court. *Id*.

A motion for summary disposition under MCR 2.1 l 6(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. MCR 2.116(G)(5). Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358; 457 Mich 358 (1996).

Statutory interpretation is a question of law that this Court reviews de novo. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995). The primary goal of judicial interpretation of a statute is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The starting point in every case involving construction of a statute is the language itself. *House Speaker v State Admin Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). Nothing will be read into a statute that is not within the manifest intent of the Legislature as gathered from the statute itself. *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998). Accordingly, if the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the language as written. *Rowell v Security Steel Processing Co*, 445 Mich 347, 353; 518 NW2d 409 (1994). Where the language employed by the Legislature is susceptible to more than one interpretation, judicial construction is justified. *Id*.

## III. DISCUSSION

Plaintiff argues that the exclusive-remedy provision of the WDCA does not bar his negligence action because Barton Malow and Saylor's were not his employers. We agree.

The exclusive remedy provision of the WDCA is found in MCL 418.131, which provides in relevant part:

> (1) The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy *against the employer* for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. . . .

> (2) As used in this section . . . "*employer*" includes *the employer's insurer* and a service agent to a self-insured employer insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing worker's compensation insurance or incident to a self-insured employer's liability servicing contract. [Emphasis added.]

Thus, a claimant's exclusive remedy for a workplace injury falling within the WDCA is to recover worker's compensation benefits from the employer, and for the purposes of such recovery, the employer's insurer is viewed as the employer.

All workers, regardless of their place of employ, assisting with this project were covered by Bedrock Management's OCIP policy. OCIP policies are governed by Section 621 of the WDCA, which provides in relevant part:

> Under procedures and conditions specifically determined by the director, a separate insurance policy may be issued to cover employers performing work at a specified construction site if the director finds that the liability under this act of each employer to all his or her employees would at all times be fully secured and the cost of construction at the site, not including the cost of land acquisition, will exceed $65,000,000.00, and the contemplated completion period for the construction will be 5 years or less. . . . [MCL 418.621(3).]

Consistent with this provision, Bedrock Management purchased a policy with Ace that covered all of the employers whose employees would perform work on the project. Thus, Barton Malow, Saylor's, and Universal Glass all provided WDCA-compliant insurance via the policy that Bedrock Management took out with Ace.

Defendants argue that when Sections 131 and 621 are read in conjunction, it means that all employers covered by the OCIP policy are entitled to the immunity conferred by the exclusive remedy provision. Notably, defendants' arguments are based largely on public policy and what it perceives to be the purpose of the OCIP legislation as opposed to an analysis of the statutes' text. This might be because the text of these sections does not support defendants' position. MCL 418.131(2) provides that the term employer includes the employer's insurer for the purposes of

-3-

the exclusive remedy provision, but the suggestion that this means that all subcontractors covered by the same policy are considered employers of those working for other subcontractors stretches the language of Section 131 further than it can naturally go. We believe it clear that the reference to "the employer's insurer" refers to the policy as it relates to the entity that actually employs the injured person. Thus, had plaintiff been injured as a result of Universal Glass's negligence then recovery from Ace via Bedrock Management's OCIP policy would be the exclusive remedy. However, this is not the case if plaintiff is injured by the negligence of an entity that is not his employer, i.e., Saylor's. Defendants' position would suggest that a potential claimant, for the purposes of the exclusive-remedy position, is "employed" by each entity that uses the same insurer as the potential claimant's actual employer, but this clearly was not the Legislature's intent.

As plaintiff notes, defendants also relied on Section 171 in the trial court, which provides in relevant part:

> (1) *If any employer subject to the provisions of this act*, in this section referred to as the principal, *contracts with any other person*, in this section referred to as the contractor, *who is not subject to this act or who has not complied with the provisions of section 611*, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, *the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. . . .* A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract.

> (2) If the principal is liable to pay compensation under this section, he or she shall be entitled to be indemnified by the contractor or subcontractor. *The employee shall not be entitled to recover at common law against the contractor for any damages arising from such injury if he or she takes compensation from such principal.* The principal, in case he or she pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor. [MCL 418.171 (emphasis added).]

This Section protects employees of subcontractors who are not subject to or are not in compliance with Section 611 by allowing them to recover against the general contractor or project owner. If the employee receives such compensation then the employer cannot recover against the immediate employer at common law. Section 611 requires that any employer subject to the WDCA secure payment of the required compensation by either obtaining authorization to act as a self-insurer or by purchasing a qualifying insurance policy. MCL 418.611. Section 171 does not apply to this case because all of the relevant contractors and subcontractors were in compliance with Section 611 by virtue of Bedrock Management's OCIP policy.

Our position regarding Section 171 is supported by the relevant caselaw. Plaintiff relies heavily on *Burger v Midland Cogeneration Venture*, 202 Mich App 310; 507 NW2d 827 (1993). Notably, this case involves the interpretation of a prior version of the WDCA that provided for

"wrap-up" policies—a predecessor to OCIP. In 1994, the Legislature amended MCL 418.621(2) by way of 1994 PA 271. The prior version provided in relevant part:

> Each insurer issuing an insurance policy to cover any employer not permitted to be a self-insurer under section 611 shall insure, cover, and protect in one and the same insurance policy, all the businesses, employees, enterprises, and activities of the employer. Under procedures and conditions specifically determined by the director, a separate insurance policy may be issued to cover employers performing work at a specified construction site if the director finds that the liability under this act of each employer to all his or her employees would at all times be fully secured and the cost of construction at the site will exceed $100,000,000.00 and the contemplated completion period for the construction will be 10 years or less. . . . [Former MCL 418.621(2).]

There are two minor differences between former MCL 418.621(2) and current MCL 418.621(3). First, the former statute required that the cost of construction exceed $100,000,000 whereas the current statute only requires that it exceed $65,000,000 and excludes the cost of land acquisition. Second, the former statute provided a completion period of 10 years or less whereas the current statute only allows a 5-year completion period. The major difference is that the current statute requires that the owner of the project employ a "construction safety and health director" and lays out detailed requirements for this position. See MCL 418.621(3). However, the thrust of each version remains the same: it is permissible for one WDCA-compliant insurance policy to cover everybody who works at a particular construction site regardless of the particular contractor or subcontractor by whom they are employed.

In *Burger*, Midland contracted with Fluor Daniel for a construction project, Fluor Daniel subcontracted with Babcock, and Babcock employed the plaintiff to work at the construction site. *Burger*, 202 Mich App at 311. The plaintiff was injured during this work and received benefits via Midland's wrap-up policy that it had obtained pursuant to former MCL 418.621(2). *Id*. at 311-312. Plaintiff sued Midland and Fluor Daniel for negligence, and the defendants moved for summary disposition on the basis of their contention that the wrap-up policy caused them to be statutory employers pursuant to Section 171.[2] *Id*. at 312. According to the defendants, their status as statutory employers entitled them to the immunity conferred by the exclusive-remedy provision. *Id*. On appeal, this Court agreed with the plaintiff's contention that the defendants were not statutory employers. *Id*. at 312-313. This Court explained:

> By purchasing the wrap-up policy, Midland complied with the requirement of § 611 that it secure payment of workers' compensation benefits by obtaining insurance. Further, by contracting with Midland, Fluor Daniel complied with the requirement of § 611 that it secure payment of workers' compensation benefits by obtaining insurance. Similarly, because Babcock & Wilcox was a named insured under the wrap-up policy, it also complied with § 611. This being the case, neither defendant can be a statutory employer under § 171 because neither defendant contracted with someone who was not subject to the act or who had not complied

---

[2] Section 171 was the same at the time of this case as it is today.

with § 611, because each was subject to the act and each complied with § 611, as
did Babcock & Wilcox. [*Id*. at 315

While there have been changes with respect to wrap-up policies versus OCIP policies, the application of Section 171 remains unchanged.[3]

## IV.  CONCLUSION

The trial court's order granting summary disposition in favor of defendants is reversed. Plaintiff is free to recover in tort against defendants because he was employed only by Universal Glass.  This case is remanded for additional proceedings consistent with this opinion.  We do not retain jurisdiction.  Plaintiff, being the prevailing party, may tax costs.  See MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Colleen A. O'Brien

---

[3] Defendants cite an unpublished decision from the United States District Court for the Eastern District of Michigan.  In *Stevenson v HH & N/Turner*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued April 22, 2022 (Case No. 01-CV-71705-DT), the plaintiff-employee sustained injuries after falling while working for an electrical subcontractor at a jobsite.  *Id*. at 2-3.  The plaintiff was covered by an OCIP policy and filed a worker's compensation claim to receive those benefits; she then sued the defendants, an electrical subcontractor she was working for, and the construction manager of the project, for negligence. *Id*. at 5.  The court granted summary disposition in favor of the defendant's for multiple reasons, one of which being its conclusion that "the policy underlying both the worker's compensation law and OCIPs dictate that Defendants be immune from tort liability in this case."  *Id*. at 21.  We decline to adopt the reasoning in this opinion because we are uncomfortable with the emphasis placed on underlying policy consideration.  See *id*. at 21-25.  In Michigan, we ascertain the intent of the Legislature by examining the words it chose in the statutes.  See *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418-419; 925 NW2d 897 (2018).  Upon examining the language of the statute, we reach a different conclusion.  See *Linsell v Applied Handling, Inc*, 266 Mich App 1, 16; 697 NW2d 913 (2005) (stating that "decisions of a federal district court interpreting Michigan law are not precedent binding on Michigan courts").